Dorothy J. RUSSELL, Appellant,

v.

SECRETARY OF HEALTH, EDUCATION AND WELFARE, Appellee.

No. 75–1747.

United States Court of Appeals,
Eighth Circuit.

Submitted March 11, 1976.

Decided July 23, 1976.

John W. Reid, II, Schnapp, Graham & Reid, Fredericktown, Mo., for appellant.

Melvin R. Horne, Asst. U. S. Atty., St. Louis, Mo., for appellee; Donald J. Stohr (former U. S. Attorney), and Melvin R. Horne, Asst. U. S. Atty., St. Louis, Mo., on brief.

Before WEBSTER and HENLEY, Circuit Judges, and TALBOT SMITH, Senior District Judge.*

HENLEY, Circuit Judge.

Appellant Dorothy J. Russell is a claimant for Social Security disability insurance benefits payable pursuant to 42 U.S.C. § 423. She appeals from the denial of her second application to establish a period of disability as provided in 42 U.S.C. § 416(i).[1] The application was filed on June 5, 1973 and stated that November 15, 1969 was the date of onset of the disability. She last met the earnings requirements for establishing a period of disability on December 31, 1972.

At claimant's request a hearing was held before an administrative law judge on October 18, 1974 at which claimant appeared with counsel. At the hearing claimant, her husband, her mother and her sister testified, and thirty-four exhibits concerning claimant's medical condition were introduced. The decision of the administrative law judge, which was handed down on December 20, 1974 was that claimant is suffer-

---

* Talbot Smith, Senior District Judge, Eastern District of Michigan, sitting by designation.

1. Claimant's first application was filed on October 12, 1973 and was denied after consideration and reconsideration.

ing from "minimal osteoarthritis of the spine, residuals of a hysterectomy, severe loss of vision in the right eye, low back strain and psychoneurosis conversion reaction, musculo-skeletal type." He found that claimant was not disabled from her combined physical and mental impairments on or before December 31, 1972. Claimant requested review by the Appeals Council, which affirmed the decision of the administrative law judge. Thereby the decision became the final decision of the Secretary, and claimant filed the instant action in the District Court for the Eastern District of Missouri pursuant to 42 U.S.C. § 405(g). Both parties moved for summary judgment and submitted briefs. The claimant appeals from judgment for the Secretary. We affirm.

Claimant was born on July 27, 1924 and has a third grade education. Her employment history is somewhat varied. When she was a young woman she picked and chopped cotton. Subsequently she has worked as a waitress, as a PBX operator, as a telephone operator, and as a hotel desk clerk. Except for an unsuccessful attempt to run a rooming house in 1973, claimant has not worked since July, 1969 when she was discharged from her job as a waitress because, she alleges, she had to sit down frequently because of fainting spells.

In the application to establish a period of disability claimant listed the following physical impairments: "bladder problems, fallen womb, scar tissue from hysterectomy, bronchitis, arthritis of spine." Additionally she and members of her family testified that her vision is poor in her left eye and she is blind in her right eye, that her right leg gets numb, that she gets cramps in her feet and legs, that she is in pain when she sits or stands too long, that she has migraine headaches, shortness of breath and dizzy spells. She also testified that she had a malignant tumor which hemorrhaged badly before it was surgically removed and has

a heart problem. Her husband, sister and mother testified that she could perform very little housework and that her health had been poor for many years.

Included in the record are medical reports from six physicians. One physician, Dr. Spoeneman, who last examined claimant on November 4, 1971, wrote that the claimant is totally and permanently disabled and diagnosed her condition as follows: "osteoarthritis involving practically all of her joints; nervous instability; depression." In his report there is no indication that this diagnosis is a result of clinical laboratory studies.

An ophthalmologist, Dr. Drews, who examined claimant at Dr. Spoeneman's request, diagnosed claimant's left eye as normal and diagnosed a corneal scar with amblyopia in the right eye. He further found "conversion reaction and/or neurosis." He wrote that examination of claimant was difficult and that even though she seemed unable to hold her eyes open well during the examination, she had no trouble keeping them open after the examination was completed.

Dr. Joseph, a specialist in internal medicine, who first examined claimant on November 11, 1971 for back pain, found chronic low back strain with degenerative disc disease, hypertrophic arthritis, a cystocele, a meibomian gland cyst, and a depressive reaction. His report reflected that he had thoroughly examined claimant and had conducted numerous tests in reaching his diagnosis. He concluded that claimant was capable of performing sedentary work.

Dr. Shuman, who conducted a neuropsychiatric examination, indicated throughout his report that he doubted claimant's credibility.[2] Even though he believed that some of her problems might have an hysterical basis, Dr. Shuman wrote that some of her ailments were due to "gross exaggeration." He found that "there was no marked depression, apathy or anxiety," and that

---

2. Dr. Shuman stated that as in the previous eye examination performed by Dr. Drews, claimant had difficulty keeping her eyes open during the examination but had no such difficulty afterwards. He stated that the neurological examination was unsatisfactory "because of her great show of pain and difficulty in cooperation." He wrote that "the prognosis is poor. This lady would have no difficulty in handling any benefits that might be due her."

claimant had unimpaired recent and remote memory. He also found "no indication as to the presence of any delusions, illusions, hallucinations, ideas of reference, obsessions, compulsions or phobias." His diagnosis was "psycho-neurosis, conversion reaction, musculo-skeletal type."

In a report dated July 19, 1973 Dr. Saengsamran, a specialist in internal medicine, found the claimant to be suffering from a depressive reaction, mild degenerative arthritis of the lumbar spine, and post menopausal syndrome.

Dr. Sermchief, a specialist in obstetrics and gynecology, first examined claimant in August, 1973 and performed three operations on claimant. The first operation was for the removal of a cervical stump, a cervical fibroid and an ovarian cyst. The second operation was for removal of both ovaries and repair of urinary stress incontinence. The third was for a biopsy of a lump in claimant's breast which was diagnosed as fibrocystic disease. Dr. Sermchief also diagnosed "minimal osteoarthritis" and eye problems. He concluded that claimant became totally and permanently disabled before he first saw her in August, 1973.

Claimant urges reversal of the district court's judgment on grounds that the record conclusively establishes that she was disabled within the meaning of the Social Security Act at the time in question.

"Disability" for purposes of the Social Security Act is defined in 42 U.S.C. § 423(d)(1)(A) as follows:

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

Section 423(d)(2) provides in relevant part:

For purposes of paragraph (1)(A)—

(A) an individual . . . shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives

. . . .

This court has had occasion to outline the standards to be applied in cases involving review of determinations concerning disability under the Social Security Act. These standards are fully set forth in *Celebrezze v. Bolas,* 316 F.2d 498, 500–01, 507 (8th Cir. 1963), and were correctly summarized by the district court in the instant case as follows:

(a) The claimant has the burden of establishing his claim; (b) the Act is remedial and is to be construed liberally; (c) the Secretary's findings and the reasonable inferences drawn from them are conclusive if they are supported by substantial evidence; (d) substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; (e) it must be based on the record as a whole; (f) the determination of the presence of substantial evidence is to be made on a case-to-case basis; (g) where the evidence is conflicting it is for the Appeals Council on behalf of the Secretary to resolve those conflicts; (h) the statutory definition of disability imposes a three-fold requirement (1) that there be a medically determinable physical or mental impairment which can be expected to [result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months], (2) that there be an inability to engage in any substantial gainful activity, and (3) that the inability be by reason of the impairment; (i) such substantial gainful activity is that which is both substantial and gainful and within the claimant's capability, realistically judged by his education, training and experience; (j) the emphasis is on the particular claimant's capabilities and on what is reasonably possible, not on what is conceivable; and (k) it is not the duty or the burden of the Secretary to find a specific employer and

job for the claimant but, instead, some effort and some ingenuity within the range of the claimant's capacity remains for him to exercise.

See also Brinker v. Weinberger, 522 F.2d 13, 17 (8th Cir. 1975); Klug v. Weinberger, 514 F.2d 423, 424 (8th Cir. 1975); Yawitz v. Weinberger, 498 F.2d 956, 959–60 (8th Cir. 1974); Garrett v. Richardson, 471 F.2d 598, 599–600 (8th Cir. 1972).

■ In light of the applicable standards we do not disagree with the district court which found, after an exhaustive review of the record as a whole, that claimant did not carry her burden of showing that she was disabled from engaging in any substantial gainful activity on or before December 31, 1972 and that the Secretary's decision was supported by substantial evidence. While the evidence offered on behalf of claimant tends to establish that claimant was disabled prior to December 31, 1972, it was contradicted by the medical reports of Doctors Drews, Joseph and Shuman who indicated that the claimant was exaggerating her ailments and was somewhat uncooperative. This court is not free to overturn the Secretary's decision on the basis of weight and credibility of evidence where the decision has been based on the record as a whole. See, e.g., Yawitz v. Weinberger, supra; Celebrezze v. Bolas, supra. And, we note that a written report of a physician who has examined the claimant can constitute substantial evidence for purposes of determining disability under the Social Security Act. See Richardson v. Perales, 402 U.S. 389, 402, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). Even though claimant obviously suffers from several physical and mental impairments, the record does not establish to the requisite degree of certainty that she is disabled within the meaning of 42 U.S.C. § 423(d).

■ We believe that claimant established that she was capable of performing only sedentary work. Once claimant has carried the burden of showing that she is incapable of working at her former job, the burden shifts to the Secretary to show that there is another kind of substantial gainful activity that claimant could perform. See Brinker v. Weinberger, supra at 17; Lund v. Weinberger, 520 F.2d 782, 785 (8th Cir. 1975), and authorities cited. This burden of the Secretary has been satisfied by evidence that claimant, although working as a waitress at the time she was last employed, had previously worked at sedentary jobs, for she had worked as a telephone operator, as a PBX operator and as a hotel desk clerk.

Finding that the decision of the Secretary is supported by substantial evidence when the record is considered as a whole, we affirm the judgment of the district court.