433 F.Supp. 643 (1977)
Rose Mary ROARK, Plaintiff,
v.
SECRETARY OF HEALTH, EDUCATION AND WELFARE, Defendant.
No. 76-1075 C(3).
United States District Court, E. D. Missouri, E. D.
June 27, 1977.

*644 MEMORANDUM
WANGELIN, District Judge.
This action is before the Court upon the motion of the defendant, Secretary of Health, Education, and Welfare, for summary judgment pursuant to Rule 56, Federal Rules of Civil Procedure. On June 25, 1973 plaintiff Rose Mary Roark applied for disability insurance benefits under the Social Security Act, 42 U.S.C. § 423. She alleged she became disabled on January 12, 1971 on account of a back and neck injury. The application was denied after initial review. But on July 1, 1974 a period of disability on and after June 1, 1973 was allowed, pursuant to 42 U.S.C. § 416(i). On June 3, 1976 an administrative law judge denied plaintiff's claim that the period of disability should have been extended back to January 12, 1971.
The issue presented in this action is whether or not the decision of the administrative law judge is supported by substantial evidence and comports with the appropriate rules of law. 42 U.S.C. § 405(g). Russell v. Secretary of Health, Education, and Welfare, 540 F.2d 353, 356-357 (8th Cir. 1976).
In an application for disability insurance benefits filed March 16, 1971 petitioner alleged that she became disabled on July 23, 1970 on account of back and neck whiplash, and soft tissue damage. On October 25, 1972 an administrative law judge ruled after a hearing that petitioner was not disabled through the date of his decision. No judicial review of that decision was made.
In his decision of June 3, 1976 the administrative law judge ruled that the decision of October 25, 1972 may not be reopened and controls plaintiff's claim to extend the period of disability to January 12, 1971. Furthermore, for the period between October 25, 1972 and June 1, 1973, the administrative law judge in 1976 found that the evidence failed to establish that plaintiff was disabled.
Plaintiff was born December 12, 1926. Her formal education extended through the eighth grade. From the 1972 decision it appears that plaintiff's work history includes work in a dime store, in a shoe *645 factory as a box stamper, in a pen and pencil factory, as a fuse inspector, and as an assembler for Sporlan Valve Company from 1950 to July 1970.
On July 23, 1970, while at work, plaintiff injured her back in an accident. She returned to work from October 12, 1970 to January 11, 1971 on a trial basis, working part time. However, upon her doctor's advice she ceased working.
When plaintiff was injured at work on July 23, 1970 she was 43 years of age. She had been pushing a cart through the factory, slipped, and fell back against machinery. This caused severe pain. The records of St. Francis Hospital, Washington, Missouri indicate that plaintiff suffered a contusion of the right lumbo-dorsal muscle, a sprain of the thoraco-lumbar spine, and a sprain of the cervical spine. X-rays did not reveal any bone injury. She was treated with bed rest, anti-inflammatory agents, and muscle relaxants. On July 24, 1970 plaintiff was discharged and thereafter maintained as an out-patient.
On September 11, 1970 plaintiff was admitted to St. Mary's Hospital, St. Louis, Missouri and was discharged on September 23, 1970. While hospitalized plaintiff underwent cervical traction and physical therapy, although her low back was stiff and slightly tender. There were no objective findings of note. The final diagnosis was cervical strain; a cervical collar was prescribed.
Plaintiff was again hospitalized on November 21, 1971. She was attended by Dr. Sharon Woodruff, M.D., an expert in neurology and psychiatry. On examination plaintiff's mental state was fully oriented. She was discharged on November 27 with a whiplash injury diagnosis.
On January 18, 1972 Dr. Woodruff reported that, although plaintiff had been disabled by her whiplash injury for a time, she has essentially returned to a physical state so that she might return to work. Plaintiff also expressed a desire to return to work.
On September 2, 1972 Dr. Raymond J. Bozzo, M.D., Washington, Missouri reported on his examination of plaintiff. He recounted plaintiff's injury and the fact that x-rays of the spine were negative for a bone injury and that other laboratory studies revealed no evidence of internal injury. He noted that her most prominent symptom was neck pain, despite vigorous treatment with appropriate medications, i. e. physiotherapy and a cervical collar. He saw her on January 11, 1972 and she told him that she was much better, but still under Dr. Woodruff's care.
On September 5, 1972 Dr. Woodruff reported that plaintiff had developed anxiety neurosis and still complained of discomfort in her right upper extremity. Dr. Woodruff opined that plaintiff had been permanently and totally disabled from July 23, 1970 through January 18, 1972. Thereafter, however, plaintiff regained her ability to return to a job which required less lifting than her previous employment.
It was on the basis of the foregoing medical reports and the testimony of plaintiff that the 1972 decision of the administrative law judge denying benefits was based. It was his decision that plaintiff could perform her previous employment.
Not presented for consideration in the 1972 hearing was the December 4, 1971 report of Dr. Edmond A. Smolik, M.D. His December 3 examination of plaintiff was negative for any evidence of central nervous system or peripheral nervous system involvement. He did find a high emotional factor in plaintiff's condition, however.
On February 13, July 24, April 12, and May 9, 1973 Dr. J. P. Post, M.D., Washington, Missouri reported, without supporting medical data, that plaintiff was disabled.
On May 19, 1972 plaintiff was examined by Dr. Herbert E. Rosenbaum, M.D., for a neurological evaluation. He reported on May 23, 1972 that she had an entirely normal neurological examination. He felt, however, that her emotional involvement in her injuries was such that she would not return to work until her litigation over disability benefits was settled.
*646 On June 20, 1973 plaintiff was admitted to St. Francis Hospital, Washington, Missouri complaining of pain. She was discharged June 29, 1973. Dr. Post diagnosed a possibly damaged disc causing sciatic pain. This diagnosis was the major basis for the determination that plaintiff was disabled as of June 1, 1973.
On October 8, 1973 Dr. Post opined that, given the ineffectiveness of previous therapy and medication, plaintiff will never be able to carry on a gainful occupation.
On June 7, 1974 Dr. Woodruff noted plaintiff's refusal to try any kind of work or vocational rehabilitation, and felt that plaintiff is not disabled but malingering.
On June 10, 1974 Dr. Joseph M. Dooley, Jr., M.D., a neurologist, reported on his examination of plaintiff. He reviewed prior medical reports and considered her complaints of pain in the right leg and low back. She was accompanied to his office by her husband who brought her in a wheelchair. Dr. Dooley found plaintiff's neurological problem very difficult to evaluate. He decided that there was a possibility that plaintiff does in fact have a herniated lumbar disc. This condition could have developed since her last myelogram in 1971 which was negative. Sudden increases in pain were noted by her in June and November, 1973. An abnormal EMG was noted and indicated some nerve root problem in the upper extremities. It was his opinion that plaintiff was depressed and that there was a good deal of functional overlay with conversion symptoms which may be the main cause of her disability. He considered her totally disabled by her neuro-psychiatric problem.
On February 3, 1975 Dr. Post again opined that plaintiff was disabled. However, no medical data was supplied in support of this opinion.
If there is an error on the face of the evidence in the record, the previous administrative determination may be reopened. 42 C.F.R. § 404.957(c)(8). An administrative determination, which is subject to being reopened, may not be interposed to deny judicial review of a subsequent final decision. United States v. Smith, 482 F.2d 1120 (8th Cir. 1973); Grose v. Cohen, 406 F.2d 823 (4th Cir. 1969). The specific question is whether an injustice has been done to plaintiff or whether there is a manifest error in the record. Lauritzen v. Weinberger, 514 F.2d 561, 563 (8th Cir. 1975).
It is apparent from the record that plaintiff complained of pain immediately following the accident in 1970. It was not until June 1973 when there developed evidence of a herniated disc which provided a basis for the disability determination.
Pain, of course, may render a person disabled within the meaning of the Social Security Act. Murphy v. Gardner, 379 F.2d 1, 7 n. 8 (8th Cir. 1967). But not all pain is disabling. Plaintiff returned to work part-time on a trial basis from October, 1970 to January, 1971. Although plaintiff was hospitalized in November, 1971, Dr. Woodruff opined on January 18, 1972 that plaintiff had regained her ability to return to work. In the 1972 hearing the administrative law judge was able to evaluate the motivation and credibility of plaintiff's subjective complaints to determine the extent of her pain. Although the evidence presents a close question, the Secretary's determination of non-disability is supported by substantial evidence. A re-evaluation of the entire record leads to the same conclusion. For the period January 12, 1971 to June 1, 1973, the reports of Dr. Smolik and Dr. Rosenbaum indicate that plaintiff was not disabled. Dr. Post's opinions, which were not supported by the results of objective tests, may be given whatever weight the administrative law judge warrants. Russell v. Secretary of Health, Education, and Welfare, 402 F.Supp. 613, 619 (E.D.Mo. 1975), aff'd 540 F.2d 353 (8th Cir. 1976). An appropriate order granting the motion of the Secretary and dismissing the action will issue.