Robert L. **CORBIN**, Plaintiff,

v.

Joseph A. **CALIFANO**, Jr., Secretary of Health, Education & Welfare, Defendant.

Civ. No. 77–0011–CV–W–2–6.

United States District Court, W. D. Missouri, W. D.

Nov. 9, 1979.

---

700

Carroll G. Leffler, Warrensburg, for plaintiff.

Judith M. Strong, Asst. U. S. Atty., Kansas City, Mo., for defendant; Paul P. Cacioppo, Kansas City, Mo., of counsel.

## MEMORANDUM OPINION AND ORDER AFFIRMING DECISION

SACHS, District Judge.

Plaintiff brought this action under the provisions of 42 U.S.C. § 405(g) seeking review of a final decision denying plaintiff-claimant social security disability benefits. The action is before the Court upon defendant's Motion for Summary Judgment and upon plaintiff's pleading entitled Suggestions in Opposition to Defendant's Motion for Summary Judgment which the Court treats as a cross-motion for summary judgment. For the reasons stated herein, the motion of the defendant is granted and the decision of the defendant is affirmed.

■ The form and scope of judicial review of the defendant's actions is statutorily defined and limited. Under 42 U.S.C. § 405(g), the Secretary's decision is conclusive upon the Court if it is supported by substantial evidence. *Alexander v. Weinberger*, 536 F.2d 779 (8th Cir. 1976); *Yawitz v. Weinberger*, 498 F.2d 956, 957 (8th Cir. 1974). This standard of substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Alexander v. Weinberger, supra*, 536 F.2d at 784; *Russell v. Secretary of HEW*, 540 F.2d 353, 356 (8th Cir. 1976).

■ The claimant has the initial burden of establishing the existence of a disability. In order to meet the statutory definition, claimant must show 1) a medically determinable physical or mental impairment that will last for at least 12 months, 2) an inability to engage in any substantial gainful activity, and 3) that this inability is the result of his impairment. *Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975). Once the claimant establishes that his impairment is so severe as to preclude him from engaging in his former occupation, the burden shifts to the Secretary to prove that there is some other kind of substantial gainful employment that the claimant can perform. *Johnson v. Califano*, 572 F.2d 186, 187 (8th Cir. 1978).

In this case, the administrative law judge (ALJ) who heard plaintiff's testimony and examined the documentary evidence, apparently determined that plaintiff had not met his initial burden and also found that there was work other than farming that plaintiff could likely handle. That decision rests on the following factors which comprise substantial evidence:

Claimant alleged that he became unable to work on March 15, 1975, at the age of 49 because of a nervous condition, gallbladder surgery, weakness, shortness of breath, sweating, and exercise intolerance. Plaintiff-claimant completed high school, and has worked as a dairy, livestock, and grain farmer. During the year and a half following plaintiff-claimant's application for disability insurance benefits, he was examined by several medical personnel. The testimony of the plaintiff-claimant that he is disabled and unable to work is not supported by the records and statements of the medical personnel. The ALJ observed that plaintiff has "a very pleasant personality and above average intelligence" (Tr. 12). He concluded that plaintiff "suffers from a personality disorder but this condition is not so severe so as to preclude the performance of his prior work or other work for which the claimant is qualified such as retail or implement sales or truck driver." (Tr. 12–13).

Claimant was admitted to St. Luke's Hospital, Kansas City, Missouri, on March 21, 1975, for evaluation of chest discomfort. Dr. Catlett made an admitting diagnosis of 1) chronic anxiety with depressive reaction and alcoholism, 2) probable esophageal spasm, 3) mild essential hypertension, and 4) cholelithiasis. (Exhibit 6). While still in the hospital, claimant began consultations with Dr. Denner, a psychiatrist. The patient was dismissed in good condition on March 31, 1975. Dr. Catlett's diagnosis upon dismissal was depression and alcoholism. The patient's chest pain was eliminated by administering Librium. The patient's blood pressure had remained normal during hospitalization. A chest x-ray, brain scan and EKG were all normal. There were no positive physical findings (Exhibit 6).

Claimant was next hospitalized on June 27, 1975, with abdominal pain. The patient was found to have acute cholecystitis and underwent cholecystectomy, and inter-operative cholangiography. The patient's recovery from surgery was uneventful except for the presence of diarrhea. Laboratory studies revealed pancreatic insufficiency. Patient was placed on replacement pancreatic enzymes which abated his diarrhea (Exhibit 7). He was dismissed from the hospital on July 16, 1975. After claimant's dismissal, there is no mention in the medical reports of effects from his gallbladder surgery.

In a report submitted by Dr. Denner in September, 1975, claimant's condition is described as depressive reaction with cardiac neurosis. Dr. Denner states that claimant is depressed with only a mild restriction in relating to others, moderate deterioration of personal habits, moderate constriction of interests, moderate restriction of daily activities. He states that claimant's ability to comprehend and follow instructions is excellent, and his prognosis is moderately good (Exhibit 8).

In a report submitted April 8, 1976, Dr. Catlett diagnoses claimant's condition as anxiety, depression, and alcoholism. He indicates that claimant is restricted by shortness of breath and weakness, but gives no cause for these symptoms. Dr. Catlett states that claimant's prognosis is poor because patient does not wish to stop drinking (Exhibit 9).

At the request of the State Agency for Disability Determinations, Dr. Lindgren, a psychiatrist, saw the claimant on April 15, 1976. After examining the claimant, Dr. Lindgren prepared the following diagnosis: 1) passive aggressive personality, 2) cardiac neurosis, and 3) alcohol problem, in apparent remission. He indicated that claimant has no mental impairment so severe that he is unable to engage in any substantial gainful activity (Exhibit 10).

Because he found that the foregoing medical evidence fails to show any physical or mental condition, or combination thereof, which would preclude the claimant from working, the administrative law judge concluded that claimant is not entitled to a period of disability or disability insurance benefits. The ALJ's decision in this case is supported by substantial evidence.

Among the specific findings that the administrative law judge made in this case are the following (renumbered): 1) Claimant had his gallbladder removed in June, 1975. He recovered well and has no significant residual effects from this procedure. 2) Claimant has a pancreatic insufficiency. It is, however, controlled by enzyme supplements and does not affect claimant's ability to work in any way. 3) Claimant suffers from a personality disorder. This condition, however, is not so severe as to preclude the performance of his prior work or other work for which the claimant is qualified. 4) Claimant has had an alcohol problem in the past (Tr. 12–13). This condition, however, is currently well controlled and does not affect his residual functional capacity in any way.

Since the ALJ found, based upon a total absence of any mention of adverse effects in subsequent medical reports, that there were no significant residual effects from the removal of claimant's gallbladder, he correctly disregarded that condition for the purpose of determining disability. Since an individual is not under a disability where the impairment does not significantly limit his physical or mental capacity to perform basic work-related functions, plaintiff can not use a remedied impairment as a basis for a finding of disability. 20 CFR § 404.-1504. In the same vein, claimant's pancreatic insufficiency caused diarrhea, but that condition has been remedied by enzyme supplements. Thus, it should not be considered as a basis for a finding of disability.

■ The ALJ's finding that claimant's personality disorder does not preclude him from engaging in substantial gainful activity is based directly on personal observation and the reports of the two psychiatrists who examined plaintiff-claimant. There was no testimony offered to the contrary. The mere existence of a mental disturbance is not per se a disability. *Russell v. Secretary*

*of HEW*, 402 F.Supp. 613, 620 (E.D.Mo. 1975), aff'd 540 F.2d 353 (8th Cir. 1976). The appropriate test is whether the mental impairment is of such severity that plaintiff cannot engage in any substantial gainful activity. *Dressel v. Califano*, 558 F.2d 504, 508 n. 7 (8th Cir. 1977).

■ There was conflicting testimony as to whether claimant's alcohol problem is currently controlled. Dr. Catlett reported that claimant does not want to stop drinking. Claimant testified that he was no longer drinking beer and that he had learned that beer wasn't the answer (Tr. 33 and 49). Dr. Lindgren diagnosed claimant as having an alcohol problem, in apparent remission. While a finding of an ability to control alcoholism cannot rest on claimant's testimony alone because of the inherent unreliability of the individual's ability to realize the extent of his own illness, (*Adams v. Weinberger*, 548 F.2d 239 (8th Cir. 1977)) the ALJ's finding in this case is not based solely on plaintiff-claimant's testimony. In this case, in which plaintiff has never claimed alcoholism as the basis for a finding of disability and in which there has been no medical evidence that claimant's alcohol problem, past or present, precludes him from gainful activity, the ALJ's resolution of the issue against the claimant can not be said to be erroneous.

Even apart from the lack of significant medical opinion supporting plaintiff-claimant's complaints, the record contains substantial evidence to support the determination that plaintiff's testimony regarding his inability to work was not reliable. Claimant testified that he often plays golf (Tr. 51), that he drives 60 miles round trip to the golf course (Tr. 53), that he is socially active (Tr. 55), that he mows a steep bank with a push mower (Tr. 56), and that he attends high school athletic events (Tr. 58).

There was some considerable showing that an undetermined cause, mental or physical, was interfering with plaintiff's pursuit of farming, his former occupation. Dr. Lindgren found that plaintiff "probably is not suited for farming operations and might benefit from vocational rehabilita-

tion counseling" (Exhibit 10). He suggested the suitability of "mild factory work," truck driving or clerical work. There is no showing to rebut this conclusion, which was consistent with the ALJ's finding, from personal observation of plaintiff.

■ A brief report written by Dr. Catlett at claimant's request on September 24, 1976, was not in evidence at the hearing, but became part of the record for review. In that report, Dr. Catlett states that the claimant "continues to be disabled." (Exhibit AC–1). A qualified medical opinion that plaintiff-claimant is disabled is not conclusive of the ultimate fact of disability. *Russell v. Secretary of HEW*, 402 F.Supp. 613, 619 (E.D.Mo.1975), aff'd 540 F.2d 353 (8th Cir. 1976). At best, the Catlett report may be considered probative of a disability to perform farm labor. This does not establish a right to disability benefits.

■ The Court notes that plaintiff was not represented by counsel before the ALJ. As my colleague, Judge Elmo B. Hunter, has noted, "where counsel is absent, a high duty is imposed upon the administrative law judge." *Clemmons v. Weinberger*, 416 F.Supp. 623, 625 (W.D.Mo.1976). In reviewing the transcript, the Court concludes that the ALJ did make a probing inquiry into all relevant factors.

■ After reviewing the transcript and all evidence presented, therefore, it can not be said that the decision of the defendant was not supported by substantial evidence. It is hereby

ORDERED that the defendant's Motion for Summary Judgment is granted and the decision of the defendant is affirmed.