Charles C. BARKER, Appellant,

v.

Patricia HARRIS, Secretary, Health, Education and Welfare, Appellee.

No. 80–1605.

United States Court of Appeals, Eighth Circuit.

Submitted April 13, 1981.

Decided May 28, 1981.

*System Federation No. 40*, 300 U.S. 515, 57 S.Ct. 592, 81 L.Ed. 789 (1937).

Francisco Colon Jr., Des Moines, Iowa, for appellant.

Kenneth J. Cain, Dept. of Health and Human Services, Kansas City, Mo., for appellee.

Before LAY, Chief Judge, ROSS, Circuit Judge, and VAN PELT, Senior District Judge.*

PER CURIAM.

This is an action under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c) for disability benefits and supplemental income alleged to be due Charles C. Barker. Following a hearing conducted at claimant's request, the administrative law judge concluded that there was no medical evidence to establish the existence of physical impairment other than bronchitis and obesity. The ALJ concluded further that although the claimant has an inadequate personality or psychoneurosis, he is not prevented from engaging in his former work because of a mental impairment, and that since claimant is capable of performing semiskilled work, he is not under a disability as defined in the Social Security Act. Following an adverse decision from the Appeals Council, Barker brought an action in the district court. The court[1] granted summary judgment for the Secretary, thereby upholding the findings of the ALJ. We affirm for the reasons stated below.

At the time of the hearing, claimant was 39 years old, weighed 250 pounds and was 5 feet 10 inches tall. He earned an associate degree in the social sciences, and received training as a microfilm operator. Until 1974 he held varied positions including those of laborer, deliveryman, insurance salesman, and mig-welder. He suffered a back injury in July 1974 while employed as a truck driver for a beef rendering plant.

---

* The Honorable Robert Van Pelt, Senior District Judge, District of Nebraska, sitting by designation.

1. The Honorable Harold D. Vietor, United States District Judge, Southern District of Iowa.

Thereafter he received college training enabling him to secure work as a youth services worker, a position he held for three months. He was last regularly and gainfully employed as a security guard in April of 1977, and met the earnings requirements for purposes of establishing eligibility for a period of disability through September 30, 1979.

Claimant maintains he is "disabled" because of a multitude of physical and mental problems, including lack of stamina, bronchitis, arthritis, back pain, leg pain, depression and anxiety. He described difficulty in standing and walking and claimed he periodically must lie down for 14 to 15 hours per day, applying heat to alleviate the pain.

With respect to claimant's physical problems, the principal treating physician released claimant for employment in January 1977, following treatment of a cervical spine injury suffered in July 1974. Examinations by other physicians resulted in no evidence of disc disease, neuropathy or other neurologic disorder, nor evidence of arthritis or other joint disease.

Claimant's mental state was variously described, but the most common diagnoses given were inadequate personality and psychoneurosis.

Claimant urges reversal of the district court's judgment on grounds that the record conclusively establishes that he was disabled within the meaning of the Social Security Act.

In *Brand v. Secretary of HEW*, 623 F.2d 523, 527 (8th Cir. 1980), this court set forth the following factors reviewing courts are to consider in social security cases:

(1) Findings of credibility made by the ALJ;

(2) The education, background, work history, and age of the claimant;

(3) The medical evidence given by the claimant's treating physician;

(4) The subjective complaints of pain and description of the claimant's physical activities and impairment;

(5) The corroboration by third parties of the claimant's physical impairment;

(6) The testimony of vocational experts based upon *prior* hypothetical questions which fairly set forth the claimant's physical impairment;

(7) The testimony of consulting physicians.

The standard of review for determining whether the administrative law judge was justified in denying benefits originally set forth in *Celebrezze v. Bolas*, 316 F.2d 498, 500–01 (8th Cir. 1963) was correctly summarized by the district court in the instant case:

(a) The claimant has the burden of establishing his claim; (b) the Act is remedial and is to be construed liberally; (c) the Secretary's findings and the reasonable inferences drawn from them are conclusive if they are supported by substantial evidence; (d) substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; (e) it must be based on the record as a whole; (f) the determination of the presence of substantial evidence is to be made on a case-to-case basis; (g) where the evidence is conflicting it is for the Appeals Council on behalf of the Secretary to resolve those conflicts; (h) the statutory definition of disability imposes a three-fold requirement (1) that there be a medically determinable physical or mental impairment which can be expected to [result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months], (2) that there be an inability to engage in any substantial gainful activity, and (3) that the inability be by reason of the impairment; (i) such substantial gainful activity is that which is both substantial and gainful and within the claimant's capability, realistically judged by his education, training, and experience; (j) the emphasis is on the particular claimant's capabilities and on what is reasonably possible, not on what is conceivable; and (k) it is not the duty or the burden of the Secretary to find a specific employer and job for the claimant but, instead, some effort and some ingenuity within the

range of the claimant's capacity remains for him to exercise. [Citing] *Russel v. Secretary of HEW*, 540 F.2d 353, 356–67 (8th Cir. 1976).

Our review of the record reveals that the Secretary's determination that Barker was not disabled prior to the date that he last met the special earnings requirement is supported by substantial evidence.

On August 22, 1978, Dr. Keyer, a general and orthopedic surgeon, examined claimant and upon finding no evidence of arthritis or any abnormality of the motor skeletal system, concluded that during a normal workday claimant could do medium work encompassing the lifting of 50 pounds maximum with frequent lifting and carrying of objects weighing up to 25 pounds.

Following a series of hospitalizations and frequent medical examinations, the consensus of the medical evidence was that claimant's physical complaints have no physiological basis and are psychological in origin.

The latest psychiatric evaluation was conducted in September 1978, by Dr. Kosieradski and confirmed the conclusions made by previous psychiatrists. Dr. Kosieradski described claimant as having an inadequate personality and a severe dependency conflict, concluding that "[h]e will use every excuse to get away from stressful situations."

In a letter to the Social Security Administration, Barker described his "typical" week as including such physical activities as gardening, "canning," attending a football game, driving, squirrel hunting and fishing. Although each of the activities was accompanied by varying degrees of pain, he was unimpaired in each activity for periods ranging from one to four hours.

Lastly, the record indicates that claimant was able to earn an associate degree within the two years following his injury in 1974. This accomplishment further evidences his lack of physical and mental impairment to engage in his former occupations.

Having carefully reviewed the record on the whole, we conclude as did the ALJ, that claimant has failed to meet his burden of demonstrating an impairment so severe as to preclude him from engaging in any substantial gainful activity.

For the reasons heretofore discussed, the district court judgment in this appeal is affirmed.