**Lenzie NASH, Plaintiff,**

v.

**Margaret M. HECKLER, Secretary of the Department of Health and Human Services, Defendant.**

**No. 84–4197–CV–C–5.**

United States District Court,
W.D. Missouri, C.D.

April 22, 1985.

David Kite, Jefferson City, Mo., for plaintiff.

Edward Funston, III, Asst. U.S. Atty., Kansas City, Mo., for defendant.

### ORDER

SCOTT O. WRIGHT, Chief Judge.

This is a proceeding under Title II of the Social Security Act, 42 U.S.C. § 401 et seq. Section 405(g) of the Act provides for judicial review of a final decision of the Secretary of Health and Human Services. Plaintiff's application for a period of disability and disability insurance benefits was denied initially and upon reconsideration. Following a request for a hearing, the same was held before Administrative Law Judge William E. Zleit. Plaintiff was represented by counsel. The decision of the ALJ was adverse to plaintiff, and the Appeals Council affirmed on April 13, 1984. Thus, the decision of the ALJ stands as a final decision of the Secretary.

The case now pends on cross-motions for summary judgment. For the following reasons, defendant's motion will be granted and the decision of the Secretary affirmed.

Plaintiff is a 62-year-old man with a high school education. He last worked in November of 1981 when he was laid-off as a truck driver. Other previous work included a job as a machinist and as a mobile home salesman. At one time, plaintiff owned and operated a mobile home dealership. Plaintiff quit his job as a mobile home salesman, and refuses to return, due to the pressure and stress he encounters in dealing with customers. Plaintiff denies, however, any problems relating to others on a social level. Plaintiff's previous work required medium exertion, or less, as described in the *Dictionary of Occupational Titles.*

Plaintiff was hospitalized in August of 1982 for the "heart problem" on which he now bases his disability application. Plaintiff was admitted to the hospital with chest pain and shortness of breath. Plaintiff was diagnosed as having a mild left axis deviation with questionable left ventricular hypertrophy pattern. He was released four days later.

The medical evidence of record could be described as abbreviated, at best. It consists of plaintiff's hospital records and discharge summary, including the results of two stress/treadmill tests performed on plaintiff during his hospitalization and shortly thereafter. The only other evidence of record is plaintiff's testimony and three letters written by plaintiff's osteopath, Kenneth Ridgeway, D.O.

The discharge summary of September 20, 1982, concedes the possibility of previous inferior wall myocardial infarction. The report reveals a "strongly positive" electrocardiographic stress test for arteriolateral ischemia at high levels of exertion. During the test plaintiff experienced shortness of breath but no angina. Plaintiff left the hospital without chest pain, was ambulatory, and experienced no aberrant heart rhythms. Plaintiff was prescribed nitroglycerin (for chest pain), however, has only used it "four or five" times since 1982. In the two months preceding the hearing plaintiff has not taken any nitro pills. The discharge summary (written by Kenneth Ridgeway, D.O.) offered no opinion as to possible or probable disability.

Plaintiff underwent a second stress-test on September 17, 1982. The report of this test noted improvement, found no arrythmia, and blood pressure normal at rest levels. Plaintiff was noted to have a poor tolerance to exercise, however.

The remainder of the "medical evidence" consists of three letters written by plaintiff's osteopath to plaintiff's lawyer, the Social Security Administration and to "whom it may concern."[1] Ridgeway has apparently been treating plaintiff since his admission to the hospital in 1982. He has seen plaintiff from time to time since then. Ridgeway maintains plaintiff is disabled, yet offers no support or explanation for his opinion beyond the previously described discharge summary.

The form and scope of judicial review of the defendant's actions is statutorily defined and limited. Under 42 U.S.C. § 405(g), the Secretary's decision is conclusive upon the Court if it is supported by substantial evidence. *Alexander v. Weinberger*, 536 F.2d 779 (8th Cir.1976); *Yawitz v. Weinberger*, 498 F.2d 956, 957 (8th Cir. 1974). This standard of substantial evidence is defined as such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Russell v. Secretary of HEW*, 540 F.2d 353, 356 (8th Cir.1976); *Brinker v. Weinberger*, 522 F.2d 13, 17 (8th Cir.1975). This standard of review "is more than a mere rubberstamp of the Secretary's decision, and is more than a mere search for the existence of substantial evidence supporting the Secretary's decision." *McMillian v. Schweiker*, 697 F.2d 215, 220 (8th Cir.1983). The substantiality of the evidence must take into account whatever the record fairly detracts from its weight. *Id.*

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). In order to meet the statutory definition, the claimant must show (1) that he has a medically determinable physical or mental impairment that will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is a result of his impairment. *Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975).

---

1. Exhibit # 15, dated 12–3–82

"To Whom it may Concern,

I enclose discharge summary of Mr. Nash's hospitalization. Mr. Nash is completely and *totally disabled at this time and will be for the remainder of his life.*

Sincerely,

/s/ Kenneth D. Ridgeway, D.O."

Exhibit # 16, dated 2–15–83

Dear Ms. Harris,

Mr. Lenzie Nash is under my care for acute coronary artery disease. He appears at my office with a determination that states that the medical evidence given shows he is able to do a large range of work. He can lift 25 pounds frequently with a maximum of 50 pounds. He can work standing 6 hours of an 8-hour day.

This is certainly an error! Mr. Nash has severe coronary disease which is quite limiting despite medical therapy. He most assuredly meets the correct criteria for social security disability.

If I have been in error in not completing the forms properly please forward the proper forms to me so that I might do this immediately.

Sincerely,

/s/ Kenneth D. Ridgeway, D.O."

The July 15, 1983 letter to plaintiff's attorney stated that

"... Mr. Nash will continue to be disable(sic) for the remainder of his life due to angina pectoris."

The letter describes plaintiff's medications, and medical history and is, again, signed by Kenneth D. Ridgeway, D.O.

If the claimant establishes that his impairment is so severe that he cannot engage in his former occupation, the burden shifts to the Secretary to prove that the claimant can perform some other kind of substantial gainful employment. *Johnson v. Califano*, 572 F.2d 186, 187 (8th Cir. 1978).

■ The ALJ acknowledged plaintiff's history of heart problems, yet concluded that plaintiff did not have an impairment or combination of impairments listed, in or medically equivalent to, one in Appendix 1, Subpart P of Regulation 4. Plaintiff lives with his wife and is able to adequately care for his personal needs. The ALJ specifically noted plaintiff's daily activities, including walking one mile (per his doctor's orders), raking leaves, fishing and/or reading. Plaintiff's testimony also revealed that his condition had not changed, i.e., not deteriorated, since his initial hospitalization. Specifically recalling plaintiff's testimony that he could lift up to 100 lbs, repeatedly lift 40 lbs every one-half hour for eight hours, and sit all day, the ALJ found plaintiff's impairment did not prevent him from doing his past relevant work. The Court thus finds substantial evidence in the record to support the Secretary's denial of disability and disability benefits.

■ The resolution of conflicts in the evidence is a job for the Secretary, not the courts. *See Janka v. Secretary of H.E.W.*, 589 F.2d 365, 368, 369 (8th Cir.1978). Moreover, as the final arbiter of disability, the Secretary is not bound by Dr. Ridgeway's conclusions and opinions on the ultimate issue of disability. *Id.* The ultimate decision as to whether plaintiff's heart condition is so severe as to be disabling is one for the Secretary to make.

■ Although the ALJ should generally afford great weight to the opinion of a treating physician, the ALJ herein could properly discount Dr. Ridgeway's opinions. Medical reports unsupported by any medically acceptable clinical or laboratory diagnostic data or findings may properly be discounted by the trier of fact. *See Janka, supra*, 589 F.2d at 369. The ALJ may give whatever weight he deems warranted to Ridgeway's letters, which are devoid of even minimal medical evidence or support. Accord, *Dressel v. Califano*, 558 F.2d 504, 506 (8th Cir.1977). Moreover, Ridgeway's opinion contradicts his discharge summary and plaintiff's own testimony that his condition had not changed.

■ The ALJ must give serious consideration to a claimant's subjective evidence of disabling pain, regardless of [lack of] objective corroboration. The ALJ may disbelieve plaintiff's subjective complaint so long as specific credibility findings are made. *See Easley v. Schweiker*, 558 F.Supp. 967, 972 (W.D.Mo.1983).

Here, the ALJ found no clinical evidence of impairment which could reasonably be expected to cause such pain or shortness of breath as to limit plaintiff's ability to do past relevant (medium) work. The ALJ specifically noted plaintiff's testimony regarding his ability to repeatedly lift significant amounts of weight, and his sporadic use of nitro pills, were inconsistent with plaintiff's claim for disability.

### Conclusion

Plaintiff's two stress test results are insufficient on their face to qualify as disabling under 20 C.F.R. Pt. 404, Appendix 1. The ultimate determination of disability is for the Secretary to make and the ALJ acted properly in discounting Dr. Ridgeway's opinion regarding disability. The ALJ made specific credibility findings in support of his conclusion, that plaintiff's subjective complaints were not disabling. The Secretary's decision is supported by substantial evidence in the record and must be affirmed.

Therefore, it is hereby

ORDERED that defendant's motion for summary judgment is granted, costs to be borne by the respective parties.