**Diane REILAND, Appellant,**

v.

**Patricia R. HARRIS, Secretary of Health, Education and Welfare of the United States, Appellee.**

**No. 80–1340.**

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 12, 1980.

Decided March 31, 1981.

Rehearing Denied April 24, 1981.

Robert S. Abdalian and William Oehler, Zeigler, Ward, Gray & Oehler, Ltd., Rochester, Minn., for appellant.

Thomas K. Berg, U. S. Atty., Mary Egan, Asst. U. S. Atty., Minneapolis, Minn., for appellee; James W. Miles, Donna Morros Weinstein, Acting Regional Atty., DHHS, Gabriel L. Imperato, Asst. Regional Atty., Chicago, Ill., of counsel.

Before HEANEY, ROSS and McMILLI-AN, Circuit Judges.

ROSS, Circuit Judge.

This is an appeal from the decision of the district court upholding the determination of the appeals council and Administrative Law Judge (ALJ) which denied appellant social security disability benefits under 42 U.S.C. §§ 416(i) and 423.

Appellant alleges that the district court erred in finding that the ALJ's denial of benefits was supported by substantial evidence on the record as a whole. Specifically, appellant argues that there was insufficient evidence on the record from which the ALJ could reject her testimony regarding the severity of her pain and the medical opinions of her treating physicians that she was totally disabled. It is argued that the ALJ's reliance on the report of a consulting physician was improper.

On January 10, 1978, appellant filed an application for disability insurance benefits in which she alleged that she had been unable to work since February 10, 1976, due to head, neck, shoulder and back injuries suffered in an auto accident on that date. A number of reports of treating physicians were introduced into evidence at the hearing before the ALJ. These reports indicated that following the auto accident appellant was treated at an emergency room for bruises on her left leg and ankle and for a one centimeter laceration at the top of her head. On February 21, 1976, an examination revealed restriction of neck motion and tenderness over the left posterior and anterior rib cage. X-rays of the cervical spine and ribs were normal. On February 24, 1976, appellant began physical therapy and on March 1, 1976, she reported improvement in her neck. On March 18, 1976, another examination was performed because appellant complained of neck pain, headaches, dizziness and nausea. This examination revealed paracervical muscular tightness but range of motion in the lumbar spine was normal and no vertebral tenderness was noted. On March 19, 1976, appellant stated that she felt much better and the range of motion in her neck was full.

On April 14, 1976, appellant was examined by Dr. Dwight E. Jaeger, an orthopedic surgeon, and was diagnosed as having residuals of a cervical strain. The examination found diffuse tenderness in the left paracervical structure but range of motion in the neck was normal. Dr. Jaeger reported that "she is unable to work at this time." Additional examinations by Dr. Jaeger continued to show some tenderness in the occipital area and neck. On October 6, 1976, Dr. Jaeger noted that appellant "can now consider doing some light work." Dr. Jaeger treated appellant until October 5, 1977.

On January 6, 1978, appellant was examined by Dr. Meyer Z. Goldner, an orthopedic surgeon. X-rays of the cervical spine and left shoulder were normal. Examination revealed tenderness over the greater occipital nerves at the base of the skull, tenderness over the superior angle of the left shoulder blade and tenderness over the long head of the biceps tendon on the left shoulder girdle area. Dr. Goldner reported that appellant was "still temporarily totally disabled."

On January 21, 1978, an electromyogram revealed evidence of cervical radiculitis without loss of motor neurones.

On March 16, 1978, appellant was evaluated at Mayo Clinic and was diagnosed as having "chronic cervical strain." A neurological exam was within normal limits. A specialist in physical medicine and rehabilitation diagnosed appellant as suffering from "post-traumatic tension myalgia."

On April 9, 1978, appellant received a cervical myelogram and cervical spine X-rays, both of which were normal. On May 4, 1978, Dr. Robert Wengler, an orthopedic surgeon examined appellant and noted that her neck was acutely tender with reactive spasm. A neurological exam was normal. Dr. Wengler concluded that appellant remained "totally disabled from gainful employment."

The hearing before the ALJ was held on August 23, 1978. Subsequent to the hearing the ALJ arranged for appellant to undergo a neurological evaluation. Dr. Richard T. Foreman, a neurologist, noted no restriction of spinal movement, no masses or tenderness was palpable in the neck and no muscle spasms evident in the neck or supraclavicular area. Deep tendon reflexes, sensory tests and limb coordination were all normal. Dr. Foreman reported that appellant was alert, cooperative and in no apparent discomfort during the exam. Dr. Foreman concluded that in an eight-hour workday appellant could sit, stand or walk for up to six hours each and that she could frequently carry up to ten pounds. Dr. Foreman reported that appellant's neurological exam was "entirely normal."

The magistrate reviewed the findings of the ALJ and recommended that appellant be found totally disabled. The district court did not agree with the magistrate's recommendation. The district court noted that under *Hancock v. Secretary of HEW*, 603 F.2d 739 (8th Cir. 1979) reliance on the consulting physician's report alone would not be sufficient evidence to contradict opinions of the treating physician. However, the district court concluded that there was other evidence which supports the decision of the ALJ.

Our review of the record, including appellant's testimony before the ALJ, leads us to agree with the district court "that there is a real conflict as to the extent of plaintiff's upper body impairment." Appellant's own testimony regarding her ability to care for herself, her apartment, and her attempts at such sports as tennis, bowling, boating and snowmobiling placed a real credibility issue before the ALJ. And as noted by the ALJ, appellant "is not undergoing any active physical therapy on an on-going basis."

The ALJ's opinion emphasized that "the mere assertion of pain does not foreclose a finding of the Administrative Law Judge regarding the credibility of the claimant's testimony based upon more persuasive evidence that the asserted pain is not of such severity as to preclude the claimant from engaging in 'substantial gainful activity.'" This statement, coupled with the presence of a real credibility issue leads us to conclude that the ALJ implicitly rejected appellant's testimony as to the severity of her pain. Therefore, we hold that the ALJ's decision was supported by substantial evidence.

Affirmed.