**Clarence Robert BALLOWE, Appellant,**

v.

**Patricia HARRIS, Secretary, Health, Education & Welfare, Appellee.**

**No. 80–1585.**

United States Court of Appeals, Eighth Circuit.

Submitted April 16, 1981.

Filed June 12, 1981.

Ronald S. Reed, Jr., U. S. Atty., Judith M. Strong, Asst. U. S. Atty., Francis Reddis, Asst. Regional Atty., Department of Health & Human Services, Kansas City, Mo., for appellee.

James M. Smith, Jack R. Grate, Jr., Legal Aid of Western Missouri, Kansas City, Mo., for appellant.

Before BRIGHT, HENLEY, and ARNOLD, Circuit Judges.

PER CURIAM.

Clarence Robert Ballowe (the claimant) appeals from the district court's[1] decision upholding the denial of his application for Social Security disability benefits under sections 216(i) and 223 of the Social Security Act, 42 U.S.C. §§ 416(i) and 423 (1976). On appeal, Ballowe contends that the district court erred in finding that substantial evidence on the record as a whole supported the decision to deny benefits. We affirm.

Ballowe filed his first application for disability insurance benefits on May 20, 1975, alleging inability to work since December 1974, due to "borderline diabetic, asthma, chest pains, high blood pressure, emphasema [sic], balance off." The Secretary of Health, Education and Welfare (the Secretary) denied his claim and, on July 15, 1976, an administrative law judge upheld this decision. Ballowe did not request further review of the Secretary's decision.

On August 19, 1977, Ballowe filed a second application for benefits, alleging inability to work since December 1974, due to "HBP [high blood pressure], equilibrium, back trouble, arthritis, sinius [sic], borderline diabetes, asthma, dizzy spells, nerves are shot, emphysemia [sic], loss of hearing." The Secretary and the appeals council denied his claim. After a hearing, the administrative law judge determined that the claimant was not entitled to benefits, finding that Ballowe retained the functional capacity to perform at least light to sedentary work. The district court concluded that substantial evidence supported the administrative law judge's decision and, accordingly, granted the Secretary's motion for summary judgment. Ballowe now asserts (1) that the administrative law judge did not adequately consider Ballowe's subjective complaints of pains; (2) that the administrative law judge failed to consider all relevant evidence; and (3) that the record lacks substantial evidence of alternative available employment. We reject these contentions.

At the hearing, Ballowe testified that he was fifty-two years of age, had an eighth-grade education, and had worked as a janitor, deckhand, laborer, packer, brakeman, truckdriver, and salesman. The claimant stated that he had worked for two weeks in 1976 as a maintenance man, but that arthritic swelling in his feet prevented him

1. The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

from keeping this job. Ballowe alleged a disability due to a degenerating disc, hypertension, shortness of breath, loss of hearing, trouble with his balance, bronchial asthma, chest pain, swelling of hands, feet, and knees, and a nervous condition. Ballowe testified that his back problem caused him severe, continuous pain, that the severity of the pain had been increasing, and that the pain made stooping and bending impossible. Ballowe also stated that his breathing problem had recently become more severe. Ballowe further testified that he received VA disability benefits.

At the hearing, various medical reports were introduced into evidence. In January 1974, Dr. John E. Miksicek diagnosed the claimant as suffering from "psychoneurosis, anxiety reaction, chronic, in a passively-dependent personality structure." In 1975, Dr. Charles F. Zammar, an osteopath, examined the claimant who complained of chest pains. Dr. Zammar diagnosed Ballowe as suffering from functional chest pain of unknown etiology, vertigo, equilibrium imbalance probably due to an inner ear problem, dizziness, and hypertension. A June 23, 1975, examination by Dr. Gary L. Park, a neurologist, revealed hypertension and possible chronic back strain. Dr. Park concluded that Ballowe had no neurologic disability and could perform some light sedentary type of employment. Dr. Zammar referred claimant to a neurosurgeon, Dr. Arnold Schoolman, whose examination revealed a normal gait, a mildly positive Romberg sign, and good strength throughout. Dr. Schoolman concluded that claimant suffered from some type of inner ear pathology. Dr. Schoolman referred Ballowe to Dr. Daniel L. Schlozman, a specialist in internal medicine and pulmonary disease, to evaluate his pulmonary function. Dr. Schlozman concluded that claimant's pulmonary impairment appeared very mild and that his breathing symptoms seemed far out of proportion to the objective findings.

On January 15, 1976, Dr. Zammar again examined the claimant who complained of episodes of vertigo and equilibrium imbalance. He concluded that claimant could not engage in any type of employment be-cause of his equilibrium disturbance. Also in 1976, claimant underwent examination at a veterans hospital for rating disability purposes. Dr. James K. Loutzenhiser, a psychiatrist, concluded that Ballowe suffered from chronic psychoneurotic anxiety reaction with underlying depression. An examination by an orthopedic specialist, Dr. George A. White, revealed a normal gait and posture and minimal degenerative arthritis of the lumbar spine. Although claimant complained of stiffness in the morning, an examination revealed no deformities of the hands or feet and no acutely inflamed joints.

On November 1, 1977, Dr. Emery R. Calovich, a specialist in pulmonary diseases and internal medicine, examined the claimant. Ballowe complained of hypertension, equilibrium imbalance, shortness of breath, diabetes, and arthritis. A physical examination showed no restriction of movement of the joints, hands, wrists, fingers, elbows, shoulders, ankles, and feet. Dr. Calovich concluded that claimant's hypertension and blood sugar level "are of no great consequence." Although claimant had difficulty getting on and off the examining table because of back problems, he could touch his toes after three or four flexing movements. Dr. Calovich found claimant's equilibrium problem confined to "momentary giddiness on any sudden body positional change." Dr. Calovich did not consider claimant's shortness of breath to be a significant problem.

Medical reports of claimant's treatment at the Truman Medical Center East in 1978 revealed no inflammation of the joints, normal range of motion and strength, and good reversal of lumbar curvature. The patient was diagnosed as having degenerative arthritis with no evidence of rheumatoid disease. Studies also suggested a moderate obstructive lung disease.

On the basis of the medical reports, the administrative law judge concluded that claimant suffered from mild to moderate impairment due to degenerative disc disease of the lumbar spine. He found, however,

that claimant's complaints of severe pain and swelling were not credible. On the basis of a vocational expert's testimony that a person with claimant's infirmities could perform light to sedentary work and that such work was available in the Kansas City area, the administrative law judge denied Ballowe's disability claim.

 Appellant first asserts that the administrative law judge failed to give adequate consideration to Ballowe's testimony of severe pain. We conclude that on this record, the administrative law judge could reject Ballowe's testimony as to the extent of his pain. Examinations in 1977 and 1978 revealed no inflammation of the joints, only momentary dizziness, no significant shortness of breath, and back flexibility. Dr. Zammar's letter of February 25, 1976, provides the only support for the alleged total disability. Other doctors concluded that the objective medical evidence did not substantiate the claimant's alleged symptoms and that Ballowe could perform light sedentary work. Under these circumstances, the administrative law judge reasonably could have concluded that claimant exaggerated his pain and that his physical condition, including some pain, did not prevent him from performing light to sedentary work.[2]

 We also reject appellant's contention that the administrative law judge failed to consider all relevant evidence. The administrative law judge concluded that no new material evidence warranted reopening the prior decision to deny benefits and, therefore, did not consider medical evidence predating July 15, 1976, the date of the prior decision. Ballowe asserts that the prior decision does not preclude consideration of the medical evidence developed prior to July 15, 1976, and that the excluded records contained highly probative evidence of Ballowe's mental impairment, hearing loss, and back problem. After considering the record as a whole, we conclude that the

administrative law judge's failure to consider this evidence did not prejudice the claimant. The records compiled after July 15, 1976, contain detailed descriptions of Ballowe's back complaints. Further, medical reports of a slight hearing loss and an anxiety reaction with depression, without evidence of significant deterioration in these conditions, would not support a disability finding.

 Ballowe also contends that substantial evidence of alternative employment did not exist. We disagree. Based on the testimony of the vocational expert, the administrative law judge reasonably could have concluded that employment opportunities existed which the claimant could realistically perform.

Accordingly, we affirm the district court.

---

2. The administrative law judge also noted that, at the hearing, Ballowe did not appear to suffer any acute distress and did not have apparent swelling or limitation. Although an administrative law judge may not reject a claimant's allegation of severe pain solely because of his appearance at the hearing, the administrative law judge may consider the claimant's appearance along with objective medical evidence in evaluating the claimant's credibility.