Charlie Lee TYSON, Plaintiff,

v.

Richard S. SCHWEIKER, Secretary of
Health and Human Services,
Defendant.

Civ. A. No. 81–4101.

United States District Court,
W. D. Arkansas,
Texarkana Division.

July 16, 1982.

Charles D. Barnette, Arnold, Lavender, Rochelle, Barnette & Franks, Texarkana, Ark., for plaintiff.

Steven N. Snyder, Asst. U. S. Atty., Fort Smith, Ark., for defendant.

## MEMORANDUM OPINION

H. FRANKLIN WATERS, Chief Judge.

Plaintiff seeks review of a final decision of the Secretary of Health and Human Services denying his claims for disability insurance and supplemental security income benefits. The sole issue before the Court is whether substantial evidence supports the Secretary's decision.

Plaintiff was born on August 24, 1942, has a high school education, and work experiences as a laborer; from 1975 until June, 1980, he worked loading and unloading lumber. He alleges disability because of back pain, numbness in his left leg and feet, and a loss of grip strength.

The medical evidence revealed no objective cause for plaintiff's complaints to the degree of severity alleged. Repeated back X-rays were normal, as was a myelogram. In the hearing decision the Administrative Law Judge (ALJ) stated:

The Administrative Law Judge has considered the entire record in this case, the claimant's age, education and work experience, along with his impairments, and it is determined that the claimant's impairments are not of such severity that would prohibit him from engaging in substantial gainful activity.

In his findings, the ALJ denied benefits, rejecting plaintiff's allegations because they were not "complemented or substantiated by objective medical findings." This Court is well aware that the Eighth Circuit has made it clear that " [t]he Secretary must give some consideration to subjective complaints even though they are not necessarily corroborated by objective findings." *Brand v. Sec. of HEW*, 623 F.2d 523, 526 (8th Cir. 1980). However, other than to state that a "claimant's subjective complaints may be shown to be exaggerated by any inconsistency in claimant's testimony and all other circumstances of the case," *id.* at 526 n.3, the Court gave little guidance in aiding an ALJ or district court in evaluating subjective complaints. Subsequent

Eighth Circuit decisions have established that in assessing credibility an ALJ may consider a claimant's demeanor, *Ballowe v. Harris*, 650 F.2d 130, 133 n.2 (8th Cir. 1981), his description of daily activities, *Dunlap v. Harris*, 649 F.2d 637, 641 (8th Cir. 1981), *Reiland v. Harris*, 645 F.2d 11, 13 (8th Cir. 1981), frequency and type of treatment and medication, *Weber v. Harris*, 640 F.2d 176, 178 (8th Cir. 1981), and, of course, a claimant's lack of candor, *Fitzsimmon v. Mathews*, 647 F.2d 862, 864 (8th Cir. 1981). The Court of Appeals has recently also established that credibility findings must be explicit. *Andrews v. Schweiker*, 680 F.2d 559 (8th Cir. 1982). After careful consideration of the above-cited cases, this Court believes that it is not logical for there to be "magic" in what the ALJ said in evaluating subjective complaints of a claimant, and the Court believes that the proper test is for this Court, in reviewing an ALJ's findings and decision, to consider the entire record and to determine if there exists substantial evidence on the record as a whole to support the findings and decision.

Thus, the course that this Court will follow, unless changed by definitive rulings of the Court of Appeals, will be not to place any magical meaning on the words that the Administrative Law Judge uses in evaluating subjective complaints, but, instead, this Court will view the entire record to determine if substantial evidence supports the ALJ's decision. When this is done, the Court finds that there is substantial evidence in the record to support the conclusion of the Administrative Law Judge.[1] The Court has reviewed the entire record, and believes that the summarization of the record as to disability made by the ALJ in his opinion is supported by the evidence.

The ALJ summarized the factors which he considered as follows:

The claimant is 38 years of age, has a 12th grade education, has worked as a truck driver, poured iron in a foundry, muffler handler, and has done general labor and has been a carpenter's helper. He is a younger individual from a sequential standpoint and most of his work history is classified as "unskilled." The claimant has a history of back problems for some time for which he has received conservative treatment, and there is no history of surgery. Evaluations of musculoskeletal impairments, to be supported where applicable by detailed descriptions of ranges of motion, status of the musculature and any sensory reflex or deficits in pertinent x-ray findings have been considered. The claimant received an on-the-job injury in June, 1980, for which a workmen's compensation claim is pending. Subsequent to the injury, the claimant has been treated by orthopedic surgeons, has had a neurological evaluation, and short periods of hospital confinement for conservative treatment. The record further reflects that the claimant had a previous back injury and a lumbar myelogram was performed in August, 1976, and was read as normal. Records from Dr. Joe K. Lester, a board certified orthopedic surgeon, state that in November following claimant's injury in June, 1980, the claimant was admitted to the North Little Rock Memorial Hospital. The claimant was treated for acute low back and muscle spasms and was given prescriptions for Tylenol and Ethatabs. In December, 1980, an evaluation of claimant's back was made by Dr. J. Scott An-

---

[1]. In this case, the words used by the ALJ in rejecting plaintiff's allegations of pain arguably run afoul of *Brand, supra*. See *Cole v. Harris*, 641 F.2d 613 (8th Cir. 1981). However, for the reasons discussed in the text, this Court believes the ALJ's rejection is supported by substantial evidence, and to remand for further credibility findings would be wasteful. In the future, to avoid risk of reversal, an ALJ's credibility findings must be based on a claimant's credibility as a witness, not the lack of objective medical evidence.

In *Hunt v. Harris*, No. 80–5009, (W.D.Ark., March 11, 1981) Judge Arnold, sitting by designation, approved an ALJ's finding that a "claimant's subjective complaints of pain fail to overcome the current negative medical findings regarding her ability to work." Judge Arnold did not believe this method of analysis "gave undue emphasis to the need for objective medical findings and stated, 'medical findings are not controlling, but neither must they be entirely disregarded.'" Slip op. at 4–5 and n.2.

drews and the impression was lumbosacral spine disease, mild, with minimal objective signs. A Bone and Joint Clinic made an evaluation of claimant in August, 1980, and their impression was chronic low back pain with possible mild radiculopathy, complaint of inability to use the right arm, etiology undetermined, and chronic cervical strain by history. Objective findings were essentially lacking. A subsequent evaluation at Texarkana Community Hospital in January, 1981, reflected a final diagnosis of degenerative lumbosacral disease, left hip displacement secondary to minor trauma. X-rays made of the spine revealed an impression of minimal narrowing of the lumbosacral interspace, posteriorly, and negative study otherwise.

The claimant was evaluated at the Veterans Administration Hospital subsequent to the hearing. X-rays and impression revealed no significant degenerative changes noted, vertebral bodies, disc spaces and intervertebral foraminas were unremarkable. The impression was normal cervical spine, and normal lumbar spine except for minimal osteopenia. There was no evidence of fracture, dislocation or any significant arthritic changes. The orthopedic clinic reported that although the extremities were physiological, they did elicit what was thought to be decreased sensation with the pinwheel of lumbar 4 and 5, sacral 1 on the left side.

The claimant filed his applications in July, 1980, with an alleged onset date of June 30, 1980. He was insured for these benefits prior to this date and remains so insured through at least September 30, 1980. The undersigned has determined that the claimant's impairments do not qualify him for social security benefits.

Critical to our decision, the Court believes that the record contains ample reasons for questioning the credibility of the claimant. For example, the claimant stated in completing Form HA–4631 (Tr. 123) that "Dr. Lester told me lifting, bending, stuping [sic] were out of the questing [sic]. I could forget work. He said the tissues & musel [sic] wer [sic] just like jelly around the disces [sic]. I would half [sic] to go threw [sic] a healing period and try it. And I might would still half [sic] to have surgery." Several reports from Dr. Lester, a well-qualified orthopedic surgeon, are contained in the record, and there is absolutely no indication that Dr. Lester believes that the tissues and muscles around the discs are "just like jelly," nor that he could "forget work." The Court believes that if Dr. Lester had believed that that was the case, he would have said so in at least one of the several reports written by him contained in the record.

In addition, the medical record prepared by the Veterans Administration shows without question that the claimant failed to cooperate and resisted any attempt to examine him. The Court believes that, under all the circumstances, this also justifies the trier of fact in questioning the claimant's credibility and whether his subjective complaints have any basis.

■ Based on the record as a whole, the Court finds that the claimant has not met his burden of establishing the existence of his disability,[2] and for this reason the motion to remand is denied. Judgment will be entered for the Secretary.

---

2. The ALJ denied benefits on the basis that plaintiff had a nonsevere impairment. *See* 20 C.F.R. § 404.1520(c) (1981). In *McCoy v. Schweiker*, 683 F.2d 1138 (8th Cir. 1982) (en banc) the Court of Appeals upheld the validity of the Medical-Vocational Guidelines. The Court, however, specifically expressed no opinion as to the validity or the operation of 20 C.F.R. § 404.1520(c), which apparently allows an ALJ to deny disability without making an express finding that a claimant can return to former work. *McCoy*, at —— n.6, and cases cited therein. In this case, this Court need not extensively discuss the regulation because the record demonstrates plaintiff can return to his former work. We do note, however, that the First and Tenth Circuits have approved the regulation. *Lofton v. Schweiker*, 653 F.2d 215 (1st Cir. 1981), *reh'g en banc den.; Hilton v. Schweiker*, —— F.2d ——, No. 81–1139 (10th Cir., February 26, 1982).