Betty M. ANDERSON, Plaintiff,

v.

Richard SCHWEIKER, Department of Health and Human Services, Defendant.

No. CIV 82–4136.

United States District Court, D. South Dakota, S.D.

March 8, 1983.

Thomas J. Farrell, Sioux Falls, S.D., for plaintiff.

Bonnie P. Ulrich, Asst. U.S. Atty., Sioux Falls, S.D., for defendant.

## MEMORANDUM OPINION

JOHN B. JONES, District Judge.

Plaintiff seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the Secretary's final decision denying her claim for disability insurance benefits under Title II of the Social Security Act.

After a *de novo* hearing, at which both the plaintiff and her husband testified, Administrative Law Judge Conrad J. Ziegler found that, although plaintiff suffered residual mental impairment from a stroke, her impairment did not significantly limit her ability to perform basic work-related functions. (Tr. 13). Based on this finding, the ALJ concluded on March 31, 1982, that plaintiff was not disabled within the meaning of the Act. (Tr. 14).[1] This became the final decision of the Secretary when the Appeals Council denied a request to review it on July 29, 1982.

Where, as here, the plaintiff is no longer engaged in substantial gainful activity, the next inquiry, in the sequential evaluation process set by regulation, is whether she is suffering from a severe impairment—one which significantly limits her ability to perform basic work-related activities.[2] *McCoy v. Schweiker*, 683 F.2d 1138, 1141–42 (8th Cir.1982); 20 C.F.R. §§ 404.1520 *et seq.*

---

1. At the time of the ALJ's decision, plaintiff was 45 years old (Tr. 12, 30). She had completed high school (Tr. 12, 31), and her work experience was in the banking industry, including positions as a secretary, bookkeeper, teller, installment loan clerk, and operations officer (Tr. 32–35, 69–74).

2. In evaluating a disability claim under the Act, the Social Security Administration applies, sequentially, a series of tests embodied in sections 20 C.F.R. 404.1520 *et seq.* The sequence of inquiries and corresponding conclusions is as follows:
   (1) Is the claimant currently employed?
   If yes, not disabled; if no, then

(2) Does the claimant have a severe impairment?
If no, not disabled; if yes, then
(3) Does the claimant have an impairment equivalent to a specific listed impairment in Appendix 1 of the regulations?
If yes, disabled.
(4) If the impairment is severe but not listed in Appendix 1, does the impairment prevent claimant from performing work of the sort he has done in the past?
If no, not disabled; if yes, then
(5) Does the claimant's impairment prevent him from performing other work existing in the national economy, given his age, educa-

Section 20 C.F.R. 404.1521(b) defines basic work activities as those "abilities and aptitudes necessary to do most jobs," including the following:

(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;

(2) Capacities for seeing, hearing, and speaking;

(3) Understanding, carrying out, and remembering simple instructions;

(4) Use of judgment;

(5) Responding appropriately to supervision, co-workers and usual work situations; and

(6) Dealing with changes in a routine work setting.

Section 20 C.F.R. 404.1520(c) provides that, in deciding whether or not an impairment is severe, the Social Security Administration "will not consider the claimant's age, education and work experience."

Plaintiff concedes that she can perform the physical functions listed in examples one and two of section 404.1521(b), cited above, but she contends that her mental impairment prevents her from performing the balance of these basic activities, after November 21, 1980.[3]

■ Although plaintiff strongly relies on evidence that she can no longer perform her last banking position as an operations officer, and perhaps all banking jobs, she has not challenged the validity of 20 C.F.R. § 404.1520(c), which excludes such vocational factors from consideration at the second stage of the disability evaluation. However, because I find substantial evidence to support her claim that she cannot now perform her job as operations officer, I have independently reviewed case authority con-

struing section 404.1520(c) and have considered its validity. Noting in *McCoy v. Schweiker* that the Tenth Circuit has upheld this regulation, the Eighth Circuit Court of Appeals specifically expressed no opinion as to its validity or operation. *McCoy v. Schweiker, supra,* at 1145, nt. 6. The First and Fifth Circuits, in applying either section 404.1520(c) (1982) or its predecessor, 404.1503(c) (1980), have both excluded vocational considerations and have, at least implicitly, approved the regulation. *Goodermote v. Secretary,* 690 F.2d 5 (1st Cir.1982); *Lofton v. Schweiker,* 653 F.2d 215 (5th Cir.1982). I cannot conclude, after my review, that section 404.1520(c) is inconsistent with the Social Security Act. *See McCoy v. Schweiker, supra,* at 1144–45. I therefore hold that it is valid.

■ Consequently, evidence of plaintiff's inability to perform any of her past work is not relevant here. The sole issue is whether the Secretary's finding of a non-severe impairment is supported by substantial evidence from the record as a whole, excluding vocational considerations.[4] 42 U.S.C. § 405(g). *See Goodermote v. Secretary, supra; Lofton v. Schweiker, supra.*

The medical evidence establishes that plaintiff experiences memory problems, confusion, disorientation and probably a decrease in measurable intelligence, all as a result of her stroke in November, 1980. It also suggests that plaintiff is, naturally, concerned and upset by her inability to mentally perform at her former level. The critical inquiry, however, is whether the stroke significantly limited her ability to (1) understand, carry out and remember simple instructions; (2) use judgment; (3) respond appropriately to supervision, co-workers, and usual work situations; and (4) deal

tion, residual functional capacity, and relevant work experience?

If no, not disabled; if yes, disabled.

*See Goodermote v. Secretary,* 690 F.2d 5, 6–7 (1st Cir.1982); *McCoy v. Schweiker,* 683 F.2d 1138, 1141–42 (8th Cir.1982).

3. In her brief and by argument of counsel at the hearing, plaintiff has not claimed that her continuing problem with hypertension constitutes a severe impairment. Moreover, since this

condition appears to be amenable to treatment and is presently controlled by medication (Tr. 92, 126), it cannot be considered disabling.

4. To state the issue conversely, the second inquiry permits consideration of solely medical factors, which may include the testimony of the claimant and other lay witnesses, on the subject of the claimant's medical condition, as well as hospital and doctors' reports.

with changes in a routine work setting. 20 C.F.R. §§ 404.1520(c) and 404.1521(b). Relative to these factors, the evidence is not conclusive.

Plaintiff's mental condition was either treated or evaluated by Dr. Arbes, a psychologist, Drs. Koob and McLarnan, neurologists, and Dr. Stassen, her family doctor. Dr. Arbes generally noted that plaintiff had significant problems with both recent and remote memory, doubts about her own abilities, indecision about even minor every-day matters, and a tendency towards passive dependent behavior that "has probably been characteristic of her lifestyle for many years." (Tr. 112). He found plaintiff to be well-oriented; able to exhibit significant mental control in serial 7's backward and serials 3 forward; without organic dysfunction; without impairment in thought content or ability to handle abstract material; of low-average or dull normal tested intelligence; without signs of habit deterioration; and with significant understanding of her life circumstances and an awareness that her own personality may be contributing to her current problem. (Tr. 110–111).

Dr. McLarnan described plaintiff's mental status as including "some faulty immediate recall that is partial since digit span is short but for unrelated objects was correct," and perhaps some deficit of attention. (Tr. 116). During his examination plaintiff demonstrated an ability to add a series of fractions, multiply correctly, in her head; correctly identify and add coins; correctly multiply numbers; correctly figure the interest on $200 at 4% for 18 months in her head, in less than 30 seconds; perform repetition of phrases easily; and correctly follow instructions on cards by reading them for praxis. (Tr. 115).

Drs. Koob and Stassen noted similar memory difficulty, but reported few clinical findings to delineate the extent of the memory loss (Tr. 123, 120.)

Finally, the ALJ was in a position to observe plaintiff's demeanor and manner while testifying, and to assess the testimony in light of the other medical evidence. From reading the transcript, it appears that plaintiff was able to understand the questions posed to her by her attorney and the ALJ and to give responsive, fairly detailed answers. With someone to identify certain tasks for her, she is able to perform housework. (Tr. 46, 52). She is also able to shop and perform other tasks, with the aid of lists and occasionally some supervision, although she clearly seems frustrated by her inability to execute these duties with her past proficiency.

Based on a full review of the record, I find that the Secretary's decision is supported by substantial evidence. There is little evidence that plaintiff is significantly limited in her mental ability to use judgment, to respond appropriately to supervision, co-workers, and usual work situations, or to deal with changes in a routine work setting. Although there is some evidence that she is unable to understand, carry out and remember simple instructions, that evidence is conflicting. It is particularly within the province of the ALJ, as the factfinder, to resolve such questions. Specifically, I conclude that the Secretary's finding of a non-severe impairment is supported by such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.[5] *Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir.1975).

The final decision of the Secretary is affirmed. The Clerk is directed to enter judgment in favor of the defendant.

---

**5.** Plaintiff also claims she meets the criteria for the chronic brain syndrome listing in Appendix 1 of the Regulations. Because I affirm the Secretary's decision on the basis of a non-severe impairment, I need not address the issue of whether she has a listed impairment. See authority cited in note 2, *supra.* If that issue were before me, however, I would find from the record that plaintiff has not met the showing required in 12.02(B) of the chronic brain syndrome listing or in any other listing in Appendix 1.