Royce ROBERTS, Plaintiff,

v.

Margaret M. HECKLER, Secretary of Health & Human Services, Defendant.

Civ. No. 82–1046.

United States District Court, D. South Dakota, N.D.

April 22, 1983.

William D. Gerdes, Aberdeen, S.D., for plaintiff.

John J. Ulrich, Asst. U.S. Atty., Philip N. Hogen, U.S. Atty., Sioux Falls, S.D., for defendant.

## MEMORANDUM OPINION

DONALD J. PORTER, District Judge.

Royce Roberts had recently sold his grain elevator business in August, 1977, when he injured his neck. He was determined to be disabled as of September 30, 1977, and received social security disability benefits. Following two neck operations, Roberts was determined to be no longer disabled as of October, 1980, and his benefits were terminated. At his request, Roberts received a hearing before an Administrative Law Judge (ALJ). The ALJ found that Roberts was not severely impaired. The Appeals Council of the Social Security Administration approved the decision of the ALJ on June 9, 1982, marking the final decision of the Secretary. Roberts brought suit in this Court under 42 U.S.C. § 405(g). For the reasons stated below, Roberts' case will be remanded to the Secretary for further proceedings.

A district court reviewing the decision of the Secretary regarding the denial of social security benefits is limited to determining whether the Secretary's decision is supported by substantial evidence. 42 U.S.C. § 405(g). The "substantial evidence" standard is the proper standard to apply whether the district court is reviewing a denial of an initial application for benefits or, as here, it is reviewing a decision to terminate benefits. *Torres v. Schweiker,* 682 F.2d 109, 111 (3d Cir.1982); *Crosby v. Schweiker,* 650 F.2d 777, 778 (5th Cir.1981). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.... As Justice Frankfurter made clear 'the substantiality of evidence must take into account whatever [in] the record fairly detracts from its weight.'" *McMillian v. Schweiker,* 697 F.2d 215, 220 (8th Cir.1983) (quoting *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 488, 71 S.Ct. 456, 464, 95 L.Ed. 456 (1951)). *See also Simon-*

*son v. Schweiker,* 699 F.2d 426, 429 (8th Cir.1983).

The ALJ convened a hearing in Roberts' case on November 4, 1981. Roberts was represented by counsel at the hearing. The ALJ took testimony only from Roberts, and the ALJ based his decision on that testimony alone plus medical documents. The facts indicate that at the time of the hearing, Roberts was a 56-year-old male who stood five foot ten and one-half inches and weighed 260 pounds. His education included one year of college. Until his injury, Roberts operated a grain elevator, work that included bookkeeping and personnel supervision. The work primarily was physical labor, however, often entailing lifting objects of at least twenty-five pounds and as heavy as 120 pounds. Roberts injured his spine in 1977 at work while attempting to move a heavy auger.

Surgery had improved Roberts' condition, but he still suffered from pain, degenerative disc disease, diabetes and hypertension. The testimony established that in the months preceding the hearing, Roberts had assisted his son on a bulk paper delivery route as often as four times a week. Roberts did not think that he could maintain that pace, and his doctor advised him to avoid the route. The route entailed driving 162 miles in an afternoon's time. Roberts testified that he could, with care, lift up to twenty-five pounds, but his doctor recommended lifting no more than five. Roberts could sit for a period of three hours if he could move frequently. He could walk up to four blocks. Supporting documents indicated that his treating physician considered him totally disabled, while the surgeon who operated on him most recently agreed only that Roberts had a partial but permanent disability.

The Secretary's decision is that Roberts is not seriously disabled. This Court must affirm that decision if it is supported by substantial evidence. The initial allocation of the burden of proof for determining a disability under 42 U.S.C. § 423(d)(1)(A) is clear:

> [T]he claimant must show (1) that he has a medically determinable mental or physical impairment which will either last for at least twelve months or result in death; (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is a result of his impairment.

*McMillian v. Schweiker, supra,* 697 F.2d at 220. The Eighth Circuit has, however, held that once a claimant has established that he or she is unable to return to past work, the burden of proof shifts to the Secretary to prove that the claimant can perform other work in the economy. *E.g. Simonson v. Schweiker, supra,* 699 F.2d at 428; *McMillian v. Schweiker, supra,* 697 F.2d at 221–21; *Nicks v. Schweiker,* 696 F.2d 633, 636 (8th Cir.1983); *Jackson v. Schweiker,* 696 F.2d 630, 631 n. 1 (8th Cir.1983).

The Secretary argues that he had no burden to place evidence in the record regarding work in the economy, because the ALJ determined that Roberts was not severely disabled on the basis of the medical evidence alone. The Secretary rests his argument on the sequential process for determining disabilities promulgated by the Secretary in 20 CFR § 404.1520. The five step process is as follows:

> First, a determination is made whether a disability claimant is currently engaged in substantial gainful activity; if so, he must be found not disabled. If the claimant is not engaged in substantial gainful activity, the next question is whether he is suffering from a severe impairment, defined as one that significantly limits the ability to perform basic work-related functions. If a severe impairment is not found, the claimant must be found not disabled. If there is a severe impairment, and it is one that is listed in Appendix 1 to Subpart P, the claimant is found disabled on the medical evidence alone. If the impairment is not listed in Appendix 1, the next inquiry is whether the claimant can perform relevant past work. If he can, a finding of no disability is required. Finally, if the claimant cannot perform relevant past work, the question then becomes whether he can neverthe-

less do jobs that exist in the national economy, despite his having a severe impairment that prevents return to his previous work.

*McCoy v. Schweiker,* 683 F.2d 1138, 1141–42 (8th Cir.1982) (en banc).

The step relevant to the Secretary's argument is the second step which allows a claimant to be found not disabled if he or she does not suffer from an impairment that significantly limits the claimant's ability to perform basic work-related functions. The regulations permit a finding of no disability without reference to "age, education, and work experience." 20 C.F.R. § 404.-1520(c). The Secretary cites cases from two circuits which accept the validity of the regulations' second step. *Goodermote v. Secretary of Health & Human Services,* 690 F.2d 5, 7 (1st Cir.1982), *reh'g en banc denied* (dictum); *Lofton v. Schweiker,* 653 F.2d 215, 217 (5th Cir., *cert. denied,* 454 U.S. 1089, 102 S.Ct. 651, 70 L.Ed.2d 626 (1981).[1] The Eighth Circuit has upheld the validity of the regulations in general. *McCoy v. Schweiker, supra,* 683 F.2d at 1146. It did, however, specifically reserve expressing any opinion on the validity of the regulations' second step.[2] *Id.* at 1145 n. 6.

█ In this case, there is no need to speculate about the validity of the second step of the Secretary's regulations. The Secretary argues that the second step allows him to make a finding of not disabled on the basis of medical evidence alone and forecloses the need for the ALJ to shift the burden of proof. The Court can agree with only the first of these arguments. The regulations do state that medical evidence is sufficient to support a decision of not disabled, but the regulations are silent as to

the burden of proof in the second step. The cases cited *supra* establish that the law of the Eighth Circuit requires that the burden shift in all cases in which the claimant establishes that he or she cannot return to former work.

The ALJ in Roberts' case did not make a formal finding that Roberts could not return to his former occupation. The ALJ did state, in reference to Roberts' former occupation as a grain elevator operator, "No, you probably can't go back to that kind of work." (Tr. 4) Moreover, there is no evidence in the record that indicates that Roberts could again function as a grain elevator operator. Where the record clearly demonstrates that claimant could not return to performing his former work, the burden must shift. *McMillian v. Schweiker, supra,* 697 F.2d at 220–21; *Wroblewski v. Califano,* 609 F.2d 908, 913 (8th Cir.1979). The medical evidence should have been evaluated in light of the Secretary's burden of showing that Roberts could perform work in the national economy.

When reviewed with the understanding that it must carry the Secretary's burden of proof, the medical evidence in this case does not support the ALJ's finding of not disabled in Roberts' case. The medical evidence indicates that Roberts has degenerative disc disease, decreased strength and occasional paresthesias in his neck and left arm. Roberts' treating physician, Dr. Peter Carter, has reported that Roberts' blood pressure and diabetes are out of control. Dr. Carter has voiced the opinion that Roberts is totally disabled. Roberts' most recent surgeon, Dr. Edward Seljeskog, has stated that Roberts has a partial but permanent disability. The non-medical evi-

---

1. Two opinions from Tenth Circuit panels have also accepted the validity of the second step of the Secretary's regulations. *Hilton v. Schweiker,* No. 81–1139 (10th Cir., Feb. 26, 1982); *Chapman v. Schweiker,* No. 81–1025 (10th Cir., Feb. 26, 1982). Subsequently the Tenth Circuit sitting en banc withdrew the opinions filed February 26, 1982, vacated the judgments of the district courts and remanded the cases to the district courts for proceedings to permit development of issues pertaining to the use of the Secretary's regulations. *Hilton v. Schweiker,* No. 81–1139, *supra* (Jan. 10, 1983) (Order); *Chapman v. Schweiker,* No. 81–1025, *supra* (Jan. 10, 1983) (Order).

2. Two district courts in the Eighth Circuit have addressed the issue reserved by *McCoy* and have indicated approval of the regulations' second step. *Anderson v. Schweiker,* 558 F.Supp. 654, at 656 (D.S.D.,1983); *Tyson v. Schweiker,* 543 F.Supp. 894, 896 n. 2 (W.D.Ark. 1982).

dence shows that Roberts has pushed his capabilities so that he can lift twenty-five pounds, he can sit for periods of time and he can walk for four blocks. He can do none of these activities consistently, and his doctor has warned him against doing some of them at all.

None of the foregoing is meant to suggest that the evidence compels the conclusion that Roberts is disabled. It simply means that the Secretary must produce a preponderance of the evidence to show that Roberts is not disabled. The record before this Court indicates that he has yet to do so. The definition of the basic work activities relevant to this case which Roberts must perform to be considered not severely impaired include "[p]hysical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling . . . ." 20 CFR § 404.1521(b)(1). The medical evidence proffered by the Secretary is not sufficient to support the conclusion of not disabled. That evidence is significantly diminished by Roberts' testimony of his physical limitations. There is no showing that Roberts can perform work in the economy. Since such a showing is necessary for the Secretary to carry his burden of proof, this case must be remanded to the Secretary with instructions either to grant claimant benefits or to grant him an additional hearing.