824 F.2d 655
 18 Soc.Sec.Rep.Ser. 506, Unempl.Ins.Rep. CCH 17,473
Floyd MATTSON, Arbadella G. Brandner, on their own behalf
and on behalf of all others similarly situated,
Appellants.
Dorothy L. Roy,
v.
Otis BOWEN, Secretary of Health and Human Services, Appellee.
 No. 86-5368.
 United States Court of Appeals,
Eighth Circuit.
 Submitted March 13, 1987.
Decided July 27, 1987.
 
 Edwin W.F. Dyer III, Bismarck, N.D., for appellants.
 Jeffrey Blair, Denver, Colo., for appellee.
 Before McMILLIAN, BOWMAN and WOLLMAN, Circuit Judges.
 BOWMAN, Circuit Judge.
 
 
 1
 Floyd Mattson and Arbadella Brandner, plaintiffs below, appeal from the District Court's denial of their petition for attorney fees and costs pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. Sec. 2412. Appellants applied to the Secretary of Health and Human Services (the Secretary) for disability benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. Secs. 423 and 1381a, but were denied benefits pursuant to step two of a five-step sequential evaluation process promulgated by the Secretary. Step two (hereinafter the severity regulation), 20 C.F.R. Secs. 404.1520(c), 416.920(c), requires that disability benefits be denied to a claimant without reference to age, education, and work experience if the claimant has not demonstrated a "severe" impairment. In the District Court, appellants prevailed in their attempt to have the severity regulation invalidated as inconsistent with the Social Security Act, but their claim for costs and attorney fees was denied by the court following a finding that the Secretary's position was "substantially justified" within the meaning of 28 U.S.C. Sec. 2412(d)(1)(A). The sole issue on appeal is whether the District Court erred in finding the Secretary's position regarding the validity of the severity regulation to be substantially justified. We affirm.
 
 
 2
 It is well settled that the EAJA applies to social security disability cases. See, e.g., Cornella v. Schweiker, 728 F.2d 978 (8th Cir.1984). Section 2412(d)(1)(A) states, in pertinent part:
 
 
 3
 Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... including proceedings for judicial review of agency action ... unless the court finds that the position of the United States was substantially justified....
 
 
 4
 Our review of the District Court's determination that the Secretary's position was substantially justified "is limited to determining whether the district court abused its discretion.... Under this standard of review, the district court's conclusions of law are reviewable on a de novo basis; its findings of fact are ... subject to the clearly erroneous rule." United States v. Estridge, 797 F.2d 1454, 1457 (8th Cir.1986). To show that his position is "substantially justified," the Secretary must show that it is "clearly reasonable, well founded in law and fact, solid though not necessarily correct." United States v. 1,378.65 Acres of Land, 794 F.2d 1313, 1318 (8th Cir.1986) (footnote omitted).
 
 
 5
 In the present case, the District Court determined that the Secretary's position was substantially justified because "[a]t the time that benefits were denied and appeal in this court was taken, the case law in the area was split between those jurisdictions holding that the regulation was a valid exercise of the Secretary's authority and was not arbitrary or capricious, and those jurisdictions finding the regulation invalid." Order at 6 (footnote omitted). The court's perception of the state of the case law was, if anything, overly favorable to appellants, who filed their challenge to the severity regulation in the District Court in March 1984. Prior to that time, several courts of appeals had limited the regulation to a de minimis standard, see, e.g., Stone v. Heckler, 752 F.2d 1099, 1101 (5th Cir.1985); Evans v. Heckler, 734 F.2d 1012, 1014 (4th Cir.1984); Brady v. Heckler, 724 F.2d 914, 918-20 (11th Cir.1984), and the Sixth Circuit had upheld the regulation, Gist v. Secretary of Health and Human Services, 736 F.2d 352, 357 (6th Cir.1984). Not until July 1985, sixteen months after the litigation began and only two months before the District Court reached its decision, had any court of appeals held the regulation to be invalid.[1] District courts reviewing the same issue had split in their determinations. Compare, e.g., Anderson v. Schweiker, 558 F.Supp. 654, 656 (D.S.D.1983) (upholding severity regulation) with Dixon v. Heckler, 589 F.Supp. 1494, 1510 (S.D.N.Y.1984), aff'd 785 F.2d 1102 (2d Cir.1986), vacated sub nom. Bowen v. Dixon, --- U.S.----, 107 S.Ct. 3203, 96 L.Ed.2d 690 (1987).
 
 
 6
 The clarity of the governing law is an important factor to consider in determining whether the government's position was substantially justified. See Foley Construction Co. v. United States Army Corps of Engineers, 716 F.2d 1202, 1204 (8th Cir.1983), cert. denied, 466 U.S. 936, 104 S.Ct. 1908, 80 L.Ed.2d 457 (1984). " 'For purposes of the EAJA, the more clearly established are the governing norms, and the more clearly they dictate a result in favor of the private litigant, the less "justified" it is for the government to pursue or persist in litigation.' Conversely, if the governing law is unclear or in flux, it is more likely that the government's position will be substantially justified." Martinez v. Secretary of Health and Human Services, 815 F.2d 1381, 1383 (10th Cir.1987) (quoting Spencer v. NLRB, 712 F.2d 539, 559 (D.C.Cir.1983), cert. denied, 466 U.S. 936, 104 S.Ct. 1908, 80 L.Ed.2d 457 (1984)). In the present case, viewing the state of the law during the relevant time period, we cannot say that the District Court abused its discretion in determining that the Secretary's position regarding the validity of the severity regulation was substantially justified.
 
 
 7
 Appellants contend that it is not enough to examine the decisional law in determining whether the Secretary's position was substantially justified; they argue that we must determine whether the Secretary's position, as enunciated in the severity regulation, contravened the language and meaning of the underlying statute. Assuming, arguendo, that this is a correct statement of our role, we need look no further than the Supreme Court's recent decision in Bowen v. Yuckert, --- U.S. ----, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987), which upheld the severity regulation as being consistent with the Social Security Act. In light of this decision, it is now impossible to conclude that the Secretary's position in the present case was not substantially justified.
 
 
 8
 The order of the District Court is AFFIRMED.
 
 
 
 [1]
 In July 1985 both the Third Circuit and the Seventh Circuit invalidated the severity regulation. See Baeder v. Heckler, 768 F.2d 547, 551-52 (3d Cir.1985); Johnson v. Heckler, 769 F.2d 1202, 1212 (7th Cir.1985), vacated sub nom. Bowen v. Johnson, --- U.S. ----, 107 S.Ct. 3202, 96 L.Ed.2d 690 (1987). The District Court in the present case issued its order on September 30, 1985. Subsequent to the District Court's decision, the Ninth and Tenth Circuits also invalidated the regulation. See Yuckert v. Heckler, 774 F.2d 1365, 1369-70 (9th Cir.1986), rev'd sub nom. Bowen v. Yuckert, --- U.S. ----, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987); Hansen v. Heckler, 783 F.2d 170, 176 (10th Cir.1986)