ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Application Under the Equal Access to Justice Act of | ) ) ) |
| Derian, Inc. | ) ASBCA No. 62957-EAJA ) |
| Under Contract No. W912EF-19-C-0006 | ) |

APPEARANCE FOR THE APPELLANT:     Mr. Mark Jensen
President

APPEARANCES FOR THE GOVERNMENT:     Michael P. Goodman, Esq.
    Engineer Chief Trial Attorney
Michaela M. Murdock, Esq.
    Engineer Trial Attorney
    U.S. Army Engineer District, Walla Walla

OPINION BY ADMINISTRATIVE JUDGE TAYLOR ON APPELLANT'S EQUAL ACCESS TO JUSTICE APPLICATION

Appellant, Derian, Inc. (Derian), submitted an Application for Award of Attorney's Fees and Other Fees & Expenses under the Equal Access to Justice Act (EAJA), 5 U.S.C. § 504, as amended. The underlying appeal arose from Derian's claims for delay, constructive changes, a deductive credit determination, and the government's assessment of liquidated damages, all arising from a contract for the construction of oil water separator systems and the installation of new turbine pit sump pumps inside the powerhouse at Lower Monumental Dam in Washington state. *Derian, Inc.*, ASBCA No. 62957, 23-1 BCA ¶ 38,425, motion for reconsideration denied, 24-1 BCA ¶ 38,499. Familiarity with those decisions is presumed. We find Derian is an eligible prevailing party on its split pump plate modification claim, its deductive credit claim, and the government's claim for liquidated damages. We further determine, however, that the government's position on those claims was substantially justified. As such, we deny Derian's EAJA application.

BACKGROUND

In 2019, the United States Army Corps of Engineers (USACE or the government) awarded Derian a contract to construct oil water separator systems and install new turbine pit sump pumps inside the powerhouse at Lower Monumental Dam in Washington state. *Derian, Inc.*, 23-1 BCA ¶ 38,425 at 186,744. The government partially terminated the contract for convenience, including removing the requirement to install the remaining turbine pit sump pumps (*id*. at 186,748). Derian submitted a

certified claim asserting a "Request for Equitable Adjustment" (REA) listing 11 USACE actions Derian alleged created contract changes and delays resulting in increased costs (*id*.). Derian also asserted a claim for "termination settlement costs" and disputed the government's liquidated damage assessment (*id*. at 186,749). The government issued a contracting officer's final decision (COFD) in response to Derian's claims finding merit or partial merit to four of the 11 REA claims, determining a government credit for the terminated work, and asserting a government claim for liquidated damages (*id*. at 186,749-50). Derian appealed that COFD to the Board.

In its complaint, Derian sought increased costs resulting from four of its REA claims (*id*. at 186,750). Derian also challenged the government's credit for the terminated work and appealed the government's liquidated damages assessment (*id*.). The parties elected a written disposition under Board Rule 11.

In our decision on the merits, we denied three of Derian's equitable adjustment claims but partially granted Derian's claim for increased costs due to the changed requirement for split as opposed to monolithic pump plates (*id*. at 186,757-58). Our decision also determined the correct deductive credit amount for the terminated work (*id*. at 186,751-55). Finally, our decision found the government was not entitled to recover liquidated damages (*id*. at 186,759-60). We subsequently denied the government's reconsideration motion on our denial of its liquidated damages assessment. *Derian, Inc*., 24-1 BCA ¶ 38,499 at 187,134.

In its EAJA application, Derian seeks fees and expenses for "Claim Preparation Expenses", "Legal Fees", and "Claim Award Interest" (app. EAJA application, at 2). In its reply, Derian withdrew its claim for interest acknowledging the Board had already ordered the payment of the Contract Disputes Act interest in its original decision (app. reply at 3).

DECISION

To recover under the EAJA, an applicant must timely file its application, establish it is an eligible party, and prove that it was a prevailing party in the underlying action. *Rex Sys., Inc*., ASBCA No. 52247, 02-1 BCA ¶ 31,760 at 156,854. The Board may also deny an award if the government's position is determined to have been substantially justified, or when special circumstances make an award unjust. Equal Access to Justice Act, 5 U.S.C. § 504(a)(1); *Alderman Bldg. Co*., ASBCA No. 58082-EAJA, 22-1 BCA ¶ 38,126 at 185,211. As a partial waiver of sovereign immunity, the EAJA is to be strictly construed in favor of the United States. *Ardestanti v. I.N.S*., 502 U.S. 129, 137 (1991).

The government does not oppose Derian's EAJA application based on Derian's status as a prevailing party, that its application was timely filed, or Derian is an eligible party under the EAJA (gov't resp. at 10). Rather, the government contends Derian is not eligible for EAJA fees because the government's litigation position was substantially justified (gov't resp. at 10-16). The government also challenges Derian's EAJA application on the basis that it includes fees and other expenses that are not allowable, reasonable, or properly documented (gov't resp. at 16-22).

"The Government's position is substantially justified if it is 'justified to a degree that could satisfy a reasonable person' and has a 'reasonable basis in both law and fact.'" *Int'l Custom Prods., Inc. v. United States*, 843 F.3d 1355, 1358 (Fed. Cir. 2016) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565-66 (1988). "[T]he government is not required to prove that it had a substantial likelihood of victory in the litigation." *Buck Town Contractors & Co.*, ASBCA No. 60939-EAJA, 20-1 BCA ¶ 37,705 at 183,048. "Substantial justification applies to the entirety of the litigation position and not just the posture on individual issues." *K&K Indus., Inc.*, ASBCA No. 61189, 19-1 BCA ¶ 37,353 at 181,628. Finally, the government bears the burden of proof to show its position was substantially justified. *Id*. (citing *Amaratek*, ASBCA Nos. 59149, 59395, 15-1 BCA ¶ 35,866 at 175,348).

The government contends its litigation position was substantially justified on each of the three issues on which the Board found for appellant (gov't resp. at 13-16). With regards to Derian's REA claims, the government first points out that it prevailed on three of the four claims (gov't resp. at 13). On the "split pump plates" claim, the government contends the final decision found partial merit to Derian's claim and awarded Derian additional labor costs to adjust the pump plates due to the existing field conditions (*id*. at 13-14). The government, however, denied Derian's remaining claimed costs on that claim since Derian chose to use split instead of monolithic plates and indicated that choice would not have a cost impact (*id. at 13*). In its Rule 11 brief, the government further argued it was Derian's responsibility to verify the pump plate dimensions in the drawings, and Derian failed to supply supporting documentation for its alleged increased labor costs to install the split plates (*Derian, Inc*., 23-1 BCA ¶ 38,425 at 186,758).

In our decision, we partially granted Derian's claim by awarding it an additional $2,883 for the increased material costs incurred by a subcontractor to provide split as opposed to monolithic plates (*id*.). We agreed with the government that it was Derian's responsibility to verify the pump plate dimensions in the contract drawings and choose the installation method (*id*.). However, we found that the plate's design in the drawings and not its size caused the problems (*id*.). The government agreed to allow Derian to use the split pump design (*id*.). As such, we determined Derian was entitled to an equitable adjustment for the increased costs resulting from this change to the contract requirements (*id*.). However, we agreed with the

3

government that Derian failed to provide adequate support for its alleged increased labor costs in installing the split pump plates (*id*.).

We based our decision to partially grant Derian's split pump plates claim on an interpretation of the contract drawings that differed from the government's. We find the government's litigation position, however, in denying the bulk of Derian's claim was substantially justified and had a reasonable basis in both law and fact since Derian proposed using the split pumps and assured the government the change would result in no increased costs. *See Military Aircraft Parts*, ASBCA No. 59978, 15-1 BCA ¶ 36,175 at 176,513 (government's position was substantially justified when its interpretation of the contract drawings was reasonable, albeit wrong).

The government next contends its litigation position on the deductive credit was substantially correct since the Board adopted the government's estimated costs as the starting point for its analysis and then proceeded to make several adjustments based upon the evidence presented during the appeal (gov't resp. at 14-15). The government is correct that we adopted the government's estimated costs to complete the deleted work as the correct starting point and not Derian's originally proposed prices. *Derian, Inc.*, 23-1 BCA ¶ 38,425 at 186,752. During the appeal, Derian presented additional evidence and identified numerous errors in the government's deductive credit calculation (*id.*). We considered Derian's arguments and weighed the available evidence, ultimately deciding partly in favor of the appellant and partly for the government on those adjustments (*id*. at 186,752-55). Since we accepted the government's position as the starting point for the deductive change impact analysis and made various adjustments based upon the parties' additional arguments and evidence presented during the appeal, we determine the government's litigation position was substantially justified. *See Job Options, Inc*., ASBCA No. 56698, 11-1 BCA ¶ 34,663 at 170,761 (noting the Board has often denied the contractor's EAJA recovery when evidence supporting the contractor's position was primarily developed and established at a hearing).

Finally, the government alleges its decision to assess liquidated damages was based upon a reasonable legal interpretation considering Derian failed to meet the contract completion date (gov't resp. at 15-16). Derian responds that the government's position was not substantially justified because the Board ruled in favor of Derian's claim, and the government withheld liquidated damages after terminating the contract for convenience (app. reply at 2).

In our decision, we found the government was not entitled to recover liquidated damages since the original contract completion date was based, in part, on Derian's completion of the terminated work, and the government failed to establish a new contract completion date for the remaining work following the partial termination

(*Derian, Inc.*, 23-1 BCA ¶ 38,425 at 186,759-60).[1]  Following the discovery of the pump design defect, the government informed Derian that it should limit its activities on the contract until the government could develop a solution to the water leakage problem.  *Derian, Inc.*, 24-1 BCA ¶ 38,499 at 187,133.  The government subsequently partially terminated the contract for convenience by removing the requirement for Derian to install the remaining headcover pumps (*id*. at 186,759-60).  Despite removing this requirement, the government did not establish a new contract completion date even though that date was based, in part, upon the installation of the pumps (*id*. at 186,759-60).

The government's partial termination of a contract will not necessarily preclude the government from assessing liquidated damages.  *See Herbert R. Button / Winfield & Frances Beesley, JV*, ASBCA No. 17281, 73-1 BCA ¶ 9,780 at 45,690 (liquidated damages assessed in partial termination for convenience case).  Here, however, the government based the contract completion date partly on the deleted work.  Under these unique and unusual facts, we found it inappropriate for the government to impose liquidated damages upon Derian even though Derian did not complete the contract until February 20, 2020 – 32 days past the original contract completion date (*Derian, Inc.*, 23-1 BCA ¶ 38,425 at 186,748).

We are unaware of any precedent addressing the government's assessment of liquidated damages when the government terminated the work forming the basis for the contract completion date.  This appeal arose in a unique factual background with unclear existing law.  The government's litigation position is more likely to be substantially justified "when there is a novel issue, there is no clear contrary precedent on point, or an issue of first impression was presented to the tribunal." *Rex Sys., Inc.*, 02-1 BCA ¶ 31,760 at 156,854 (citing *Sun Eagle Corp.*, ASBCA Nos. 45985, 45986, 94-2 BCA ¶ 26,870 at 133,698).  Moreover, the government's position is "more likely to be substantially justified when greater 'legal uncertainty' is presented." *SST (Supply & Serv. Team) GmbH*, ASBCA No. 59630, 18-1 BCA ¶ 36,932 at 179,932 (citing *Rex Sys., Inc.*, ASBCA No. 52247, 02-1 BCA ¶ 31,760 at 156,855).  "[T]he clarity of the governing law is an important factor to consider in determining whether the Government's position was substantially justified." *JANA, Inc.*, ASBCA

---

[1] In our decision on the government's motion for reconsideration of the liquidated damages assessment, we further noted that due to the government's design defect on the head cover pumps, the government directed Derian to limit its activities on the contract.  *Derian, Inc.*, 24-1 BCA ¶ 38,499 at 187,133.  The parties subsequently signed a modification adding the variable frequency drives (VFDs) to the contract to fix the design defect (*id*.).  The modification included language indicating the parties would later negotiate the additional time impact resulting from this work (*id*.).  The parties never negotiated that additional time since the government subsequently terminated the VFD work (*id*.).

No. 32447, 89-2 BCA ¶ 21,638 at 108,866 (citing *Mattson v. Bowen*, 824 F.2d 655, 657 (8th Cir. 1987).

Here, we determine the government had a reasonable basis in law and fact under these unique circumstances to rely upon the original contract completion date to assess liquidated damages. *See Buck Town Contrs. & Co.*, 20-1 BCA ¶ 37,705 at 183,049 (government's litigation position substantially justified because it had a reasonable basis in fact and law relying on typical argument that the government's failure to object to a contractor's actions does not constitute waiver). As such, the government's assessment of liquidated damages was substantially justified.[2]

Since we have determined the government's position in this litigation was substantially justified, we need not address the allowability of Derian's claimed EAJA fees and expenses. We note, however, Derian already withdrew its claimed awarded interest (app. reply at 3). In addition, Derian's EAJA application includes a claim for the time spent by its own employees working on the appeal (app. EAJA application, at 3). We have long held time spent by a company's employees on *pro se* litigation is not recoverable under EAJA. *See Amaratek*, 15-1 BCA ¶ 35,866 at 175,348, and cases cited therein. Finally, Derian claims attorney fees between $300 to $540 per hour (app. reply cost summary at 7-23). To the extent those fees are otherwise allowable, they would be substantially reduced by the number of hours allocable to those claims upon which Derian prevailed and the $125 per hour EAJA rate limitation. *See* 5 U.S.C. § 504(b)(1)(A); *K&K Industries, Inc.*, 19-1 BCA ¶ 37,353 at 181,628-29.

<u>CONCLUSION</u>

For the reasons stated above, Derian's application for fees and costs pursuant to EAJA is denied.

Dated:  August 26, 2024

ARTHUR M. TAYLOR
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

---

[2] Even though we find the government's assessment of liquidated damages substantially justified, we disagree with the government's assertion that our decision failed to give effect to the contract terms (gov't resp. at 15).

I concur                                              I concur


OWEN C. WILSON                                 MICHAEL N. O'CONNELL
Administrative Judge                              Administrative Judge
Acting Chairman                                     Vice Chairman
Armed Services Board                            Armed Services Board
of Contract Appeals                                of Contract Appeals


     I certify that the foregoing is a true copy of the Opinion and Decision of the
Armed Services Board of Contract Appeals in ASBCA No. 62957-EAJA, Appeal of
Derian, Inc., rendered in conformance with the Board's Charter.

     Dated:  August 27, 2024


PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

7